Argued January 20, affirmed February 17, reconsideration denied March 24, petition for review denied April 27, 1976

CURTIS M. PRIEST, *Appellant,*
*v.*
CUPP, *Respondent.*
(No. 84338, CA 4933)
545 P2d 917

*John R. Miller,* Salem, argued the cause and filed the brief for appellant.

*Rhidian M. M. Morgan,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Foley and Fort, Judges.

FORT, J.

**FORT, J.**

Petitioner appeals from an order of the circuit court denying the relief sought and dismissing the petition for a writ of habeas corpus.

Essentially, petitioner complains that his medical needs have not been and are not being met by respondent, Superintendent of the Oregon State Penitentiary. Petitioner is confined in the penitentiary under a life sentence. He urges that "the intentional denial" of needed medical treatment is "subject to Eighth Amendment scrutiny."

During the course of these proceedings, which were instituted in April 1974, evidence was obtained from physicians who had examined petitioner at various times during his confinement both before and after this case was filed. The court itself also ordered a medical examination by an independent physician pursuant to petitioner's request. Additionally it heard the testimony of the petitioner and the manager of the penitentiary hospital, and it examined the medical records of petitioner.

██ The Eighth Amendment to the United States Constitution prohibits the infliction of "cruel and unusual punishments" as does Art I, § 16 of the Oregon Constitution. Neither, however, guarantees to any inmate that while in custody he will be free from or cured of all real or imagined medical disabilities. What is required is that he be afforded such medical care in the form of diagnosis and treatment as is reasonably available under the circumstances of his confinement and medical condition. Here the trial judge concluded that petitioner "failed to prove that the medical care and diet he receives at the Oregon State Penitentiary is inadequate." Petitioner himself testified at the hearing that so far as work requirements were concerned, his status was that of "idle." The trial court concluded that petitioner's constitutional rights "have not been violated."

In *Bailleaux v. Cupp,* 16 Or App 573, 520 P2d 483, Sup Ct *review denied* (1974), this court said:

"ORS 34.710 provides for an appeal in a habeas corpus proceeding as follows:

" 'Any party to a proceeding by habeas corpus, including the state when the district attorney appears therein, may appeal from the judgment of the court refusing to allow such writ or any final judgment therein, either in term time or vacation, in like manner and with like effect as in an action. * * *'

"In a habeas corpus proceeding, *Smallman v. Gladden,* 206 Or 262, 269, 291 P2d 749 (1955), *overruled on other grounds, State v. Collis,* 243 Or 222, 227-28, 413 P2d 53 (1966), the Supreme Court said:

" ' * * * The plaintiff had the burden of impeaching the validity of the process under which he was being held. *In re Application of Loundagin,* 129 Or 652, 278 P 950; *Anderson v. Alexander,* 191 Or 409, 229 P2d 633, 230 P2d 770. The proceeding is in the nature of an action at law resulting in a judgment. The statute provides for appeal "in like manner and with like effect as in an action." ORS 34.710. The credibility of the plaintiff and his witness was for the trial court. Its decision on the facts is conclusive here.' " 16 Or App at 574.

While it is not disputed that petitioner does suffer from certain medical problems, we think the evidence amply supports the trial court's conclusions.

Affirmed.