JAMES J. JOHNSON, *Appellant,*

*v.*

CUPP, *Respondent.*

(No. 97092, CA 7393)

564 P2d 734

R. Michael Healey, Stayton, argued the cause for appellant. With him on the brief was Bell, Bell and Rounsefell, Stayton.

Melinda L. Bruce, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Lee and Richardson, Judges.

RICHARDSON, J.

## RICHARDSON, J.

Petitioner, an inmate at the Oregon State Penitentiary, appeals an order of the circuit court denying the relief sought and dismissing the petition for a writ of habeas corpus.

Essentially, petitioner claims his medical needs arising because of a heart condition are not being met by the prison officials. The relief sought by petitioner was a transfer from the prison to a medical facility "capable of treating, monitoring and supervising" his heart condition. He asked in the alternative that the prison officials provide 24 hour supervision and monitoring of his condition in the prison and that they be compelled to meet his special dietary requirements. The only evidence presented at the hearing on the writ was the testimony of petitioner and an exhibit in the form of a recommended diet given to petitioner by a physician.

Habeas corpus is available in Oregon to test the constitutionality of treatment afforded an inmate of a penal institution. *Bekins v. Cupp,* 274 Or 115, 545 P2d 861 (1976); *Newton v. Cupp,* 3 Or App 434, 474 P2d 532 (1970). It is not a vehicle for supervision of the administration of a penal institution by the courts. The purpose is to inquire into the legality of the treatment a prisoner receives. If a prisoner disagrees with the medical treatment afforded by the penal institution the courts will not interfere to resolve this dispute unless the treatment or lack of it is deemed to violate the constitutional prohibition against "cruel and unusual punishment."[1] What is required under these constitutional provisions is that a prisoner be afforded such medical care in the form of diagnosis and treatment as is reasonably available under the circumstances of his confinement and medical condition. *Priest v. Cupp,* 24 Or App 429, 545 P2d 917, Sup Ct *review denied* (1976).

---

[1] Eighth Amendment to the United States Constitution and Art I, § 16, Oregon Constitution.

■ Here the court found, based on petitioner's own testimony, that he was receiving supervised medical treatment and that the monitoring he was receiving was better than that accorded the typical heart patient. The court concluded the prison was providing petitioner with medical care which meets the constititonal standards. Where the findings of the trial court are supported by adequate evidence in the record they will not be disturbed on appeal. *Ball v. Gladden,* 250 Or 485, 443 P2d 621 (1968); *Priest v. Cupp,* supra; *Brom v. Newell,* 15 Or App 246, 515 P2d 418 (1973). The credibility and weight of petitioner's testimony was for the trial court and its decision on the facts is conclusive in this court. *Bailleaux v. Cupp,* 16 Or App 573, 520 P2d 483, Sup Ct *review denied* (1974). While it seems clear petitioner suffers from a heart condition, we think the evidence amply supports the court's conclusion that his medical care meets the constitutional standards.

Affirmed.