Argued May 20, affirmed August 8, 1977

## TOLLY WILLIAMS, *Appellant,*
*v.*
## CUPP, *Respondent.*
## (No. 96112, CA 7515)
567 P2d 565

D. Michael Mills, Salem, argued the cause for appellant. With him on the brief was Mills & McMillin, Salem.

James C. Rhodes, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Thornton, Presiding Judge, and Tanzer and Richardson, Judges.

THORNTON, P. J.

## THORNTON, P. J.

Plaintiff, an inmate at Oregon State Penitentiary (OSP), appeals from a denial of relief requested by writ of habeas corpus.

Plaintiff was first placed in the Segregation and Isolation Unit (S & I) in March 1975. At the hearing the assistant superintendent testified that plaintiff was "probably the most dangerous inmate" at OSP. He has stabbed at least six employes at OSP and had advised the superintendent that he would refrain from injuring persons in the general population at the prison only on condition that he "was not approached by anybody." Between March 3 and July 7, 1976, plaintiff was extended the same rights and privileges as other S & I inmates. On July 7, 1976, he started a fire in his cell in order to lure a corrections officer into the cell. He then stabbed the officer. As a result of the July incident special restrictions were placed on plaintiff. He is not allowed out of his cell for exercise and is only allowed out of his cell with hands cuffed behind him. Plaintiff challenges the denial of privileges[1] extended to other S & I prisoners as violative of the Eighth Amendment to the United States Constitution,[2] of Article I, §§ 13, 15 and 16, Oregon Constitution,[3] and of the due process and equal protection clauses of the Fourteenth Amendment.[4]

---

[1] Plaintiff also challenged an alleged failure to provide medical services and treatment but did not attempt to substantiate the allegation at the hearing.

[2] Eighth Amendment to the United States Constitution provides:

"Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

[3] Article I, § 13, Oregon Constitution, provides:

"No person arrested, or confined in jail, shall be treated with unnecessary rigor."

Article I, § 15, Oregon Constitution, provides:

"Laws for the punishment of crime shall be founded on the principles of reformation, and not of vindictive justice."

Article I, § 16, Oregon Constitution, provides:

"Excessive bail shall not be required, nor excessive fines imposed. Cruel and unusual punishments shall not be inflicted, but all penalties

We note that defendant does not contend on appeal that the remedy of habeas corpus was unavailable in the case at bar. *See, Penrod v. Cupp,* 30 Or App 371, 567 P2d 563 (1977).[5]

Suffice it to say that plaintiff patently represents an immediate threat to the order of the institution and to the safety of persons at OSP and that the loss of privileges beyond those losses for which due process is required is not cruel and unusual under the circumstances, nor is it otherwise constitutionally infirm as it represents a lesser change in conditions of confinement. *Bekins v. Cupp,* 274 Or 115, 121, 545 P2d 861 (1976). *See also, Wolff v. McDonnell,* 418 US 539, 94 S Ct 2963, 41 L Ed 2d 935 (1974).

Affirmed.

shall be proportioned to the offense. In all criminal cases whatever, the jury shall have the right to determine the law, and the facts under the direction of the Court as to the law, and the right of new trial, as in civil cases."

[4]Fourteenth Amendment to the United States Constitution provides:

"All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

[5]We note also that no such contention was raised in another recent case, *Johnson v. Cupp,* 29 Or App 541, 564 P2d 734, Sup Ct *review denied* (1977).