Argued and submitted July 15, reversed and remanded August 26, 1987

SONIA LEE JORGENSON,
*Appellant,*

*v.*

SCHIEDLER,
*Respondent.*

(86-C-10969; CA A43257)

741 P2d 528

Steven H. Gorham, Salem, argued the cause and filed the brief for appellant.

David L. Kramer, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Scott McAlister, Assistant Attorney General, Salem.

Before, Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

This is a *habeas corpus* proceeding. Petitioner, an inmate of the Oregon Women's Correctional Center, appeals from a summary judgment for defendant. We hold that there are genuine issues of material fact as to the medical care that petitioner is receiving for edema in her ankles. Therefore, we reverse and remand.

The prohibition against cruel and unusual punishment in Article I, section 16, of the Oregon Constitution requires that a prisoner "be afforded such medical care in the form of diagnosis and treatment, as is reasonably available under the circumstances of [the prisoner's] confinement and medical condition." *Priest v. Cupp,* 24 Or App 429, 431, 545 P2d 917, *rev den* (1976).[1] Failure to provide such care entitles a prisoner to *habeas corpus* relief if there is no other timely remedy available. There are normally adequate alternative remedies to challenge such conditions of confinement as overcrowding, poor food or inadequate exercise. However, failure to provide proper medical treatment will often require a speedy resolution which only *habeas corpus* can provide. The potential for irreparable harm that can result from a failure to treat requires this conclusion. *See Penrod/Brown v. Cupp,* 283 Or 21, 27-28, 581 P2d 934 (1978); *Mueller v. Cupp, supra* n 1. On the other hand, although past inadequate treatment may give the prisoner a civil claim, it provides no basis by itself for *habeas corpus* relief.

In this case, petitioner alleges that the prison's physicians and medical staff have provided inadequate treatment. The evidence defendant offered in support of the motion for summary judgment shows that petitioner has received some treatment. The last chart note, dated July 3, 1986, indicates that there was no edema at that time. Petitioner asserts in her statement[2] that the institution's medical staff discouraged her from seeking treatment, even though she needed it, and did not allow her to see a physician until after she had filed this

---

[1] We also have held that an ongoing failure to provide needed medical care may provide a basis for *habeas corpus* relief without a showing of a constitutional violation. *Mueller v. Cupp,* 45 Or App 495, 499, 608 P2d 1203 (1980).

[2] Petitioner's statement is unsworn. Defendant does not dispute her claim that the parties agreed that the court could treat it as an affidavit. Defendant simply ignores the existence of the statement.

petition. She also asserts that the documents filed with the motion for summary judgment did not include records charting her edema and blood pressure and that she had recurring problems after July but had been unable to receive treatment for them. Those assertions raise genuine issues of material fact concerning whether petitioner is receiving the medical care that is reasonably available under the circumstances of her confinement and medical condition. *Priest v. Cupp, supra.*

Reversed and remanded.