Argued and submitted November 21, 1991, reversed and remanded
February 26, 1992

## NATHAN KLINEFELTER,
*Appellant,*

*v.*

## Manfred (Fred) MAASS,
*Respondent.*

(90-C-10874; CA A67206)

826 P2d 1042

Sally L. Avera, Public Defender, Salem, argued the cause for respondent. On the brief was Stephen J. Bedor, Deputy Public Defender, Salem.

Yuanxing Chen, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

De MUNIZ, J.

## De MUNIZ, J.

Plaintiff is incarcerated in the Oregon State Penitentiary (OSP). He petitioned for a writ of *habeas corpus*, and a writ was issued. The court granted defendant's motion to strike plaintiff's second amended replication and dismissed the writ. We conclude that the pleadings raise material issues of fact. Accordingly, we reverse and remand.

■ ORCP governs pleadings in *habeas corpus*, except as provided in ORS 34.310 to ORS 34.370. *Bedell v. Schiedler*, 307 Or 562, 565, 770 P2d 909 (1989). Plaintiff is entitled to a summary hearing on the merits of his second amended replication, unless the pleadings contain no disputed facts or the undisputed facts, even if true, would not entitle him to relief. ORS 34.670; *see Bedell v. Schiedler, supra*, 307 Or at 567. In deciding whether to grant defendant's motion to strike, the court was required to assume that the facts alleged in plaintiff's second amended replication are true. 307 Or at 568. In that replication, plaintiff admitted paragraphs 1 and 4 of defendant's return. Because we assume the allegations in his replication to be true, we accept the truth of his admissions.

■ Plaintiff claims that defendant's refusal to provide adequate medical treatment[1] violates his constitutional protection against cruel and unusual punishment. Article I, section 16, of the Oregon Constitution requires that a prisoner be provided with

> "medical care in the form of diagnosis and treatment as is reasonably available under the circumstances of his confinement and medical condition." *Priest v. Cupp*, 24 Or App 429, 431, 545 P2d 917, *rev den* (1976).

---

[1] In his second amended replication, plaintiff realleged the allegations contained in his petition, including:

"Petitioner is being subjected to cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments to the United States Constitution and Article I, Section 16 of the Oregon Constitution. * * * Specifically, petitioner suffered what he believes to be a stroke in June of 1989. His left arm and face went numb. Petitioner continues to suffer the affects [*sic*] of his stroke which cause him continued numbness and pain in his face and arm. Petitioner is not receiving the care or treatment of a physician for his injury. Additionally, petitioner is not receiving any care or treatment to assist in the rehabilitation and recovery from his affliction. Petitioner's arm use is limited, his hand hurts and tingles on a regular and ongoing basis."

*See also Jorgenson v. Schiedler*, 87 Or App 100, 102, 741 P2d 528 (1987). *Habeas corpus* is the proper procedure for addressing claims of inadequate medical care, because prompt medical attention may be necessary to avoid irreparable harm. *Penrod/Brown v. Cupp*, 283 Or 21, 27-28, 581 P2d 934 (1978); *Moore v. Peterson*, 91 Or App 616, 756 P2d 1261 (1988); *see also McClaflin v. Wright*, 107 Or App 688, 694-95, 813 P2d 1098 (1991) (De Muniz, J., dissenting).

Plaintiff alleged that he suffered what he believes to have been a stroke in June, 1989. It caused numbness and pain in his face and arm, and he continues to suffer those symptoms. The May 16, 1990, affidavit of OSP's Health Services Manager, Collatt, was attached as an exhibit and incorporated by reference into paragraph 4 of defendant's return. By admitting that paragraph, plaintiff admitted the statements in the affidavit. Collatt's supplemental affidavit was attached to defendant's amended return and incorporated by reference. Plaintiff did not admit any of the allegations in the amended return. Accordingly, he did not admit any of the statements in the supplemental affidavit.

In her original affidavit, Collatt made these statements. Plaintiff was examined several times by three different physicians between June 14, 1989, and February 5, 1990. The results of a February 5, 1990, Magnetic Resonance Image (MRI) of plaintiff's spine and a Computerized Axial Tomograph (CAT) scans were negative. On March 16, 1990, Dr. Gabr concluded that the pain in plaintiff's shoulder was "probably of musculoskeletal origin" and prescribed a non-steroidal anti-inflammatory agent. Dr. Chu noted, during a June 21, 1989, examination, that the numbness in plaintiff's hand and face had improved. Plaintiff's condition "continues to be monitored closely by health services medical staff and physicians" and "medical staff remain available" to plaintiff.

In his second amended replication, plaintiff made the following allegations: No physician has attempted to diagnose the cause of his "musculoskeletal problem" or to determine whether it is associated with the continuing numbness in his hand. Although Dr. Gabr's prescription was ineffective, defendant has failed to provide any follow up examination by a physician. A second MRI, taken in April, 1990, disclosed a narrowing of the skull where the spine emerges. It also

showed abnormalities in vertebral discs and the sacks enclosing them. Follow up CAT scans are necessary to clarify what those irregularities are. Dr. Kellis examined the MRI and concluded that plaintiff has nerve damage from a neck injury that had been identified in the previous MRI. Defendant has provided no follow up treatment, examination or diagnosis for plaintiff's spinal injuries.

Some of the facts that plaintiff has pled and admitted are inconsistent. He claims that defendant has refused to provide necessary follow up examinations, that the etiology of his continuing pain and numbness remains undiagnosed and that his symptoms have not abated. On the other hand, he admitted Collatt's statements that the numbness in his hand and face had shown improvement, that a CAT scan and the first MRI proved negative, that plaintiff's condition is closely monitored by staff and physicians and that "medical staff" remain available to him.

The pleadings create factual disputes. We must assess whether the disputed facts are material. The crux of plaintiff's *habeas corpus* claim is that defendant is providing him inadequate medical care. The disputed facts include whether plaintiff is receiving appropriate follow up treatment and examinations, whether his first MRI revealed spinal injuries and exactly what "medical staff" or services remain available to him. It is undisputed that the event that plaintiff believes to have been a stroke has never been diagnosed, that a second MRI indicated a spinal injury, that plaintiff continues to suffer pain and numbness in his hands and face, that he has not been seen by a physician since at least March 16, 1990, and that the possible relationship between his neck injury and his symptoms has not been diagnosed.

These allegations indicate that plaintiff may have serious medical problems, the causes of which are unknown. We cannot conclude, on the basis of the bare allegations before us, that, as a matter of law, plaintiff is not threatened with potentially serious and immediate harm that could be averted by prompt, appropriate medical attention. Plaintiff is entitled to a hearing on the merits of his second amended replication. The court erred by granting defendant's motion to strike.

Reversed and remanded.