574

Argued and submitted April 5, reversed and remanded June 2, 1993

FRANK E. VOTH,
*Appellant,*

*v.*

Manfred (Fred) MAASS,
Superintendent,
Oregon State Penitentiary,
*Respondent.*

(92C12000; CA A77097)

852 P2d 969

Garrett A. Richardson, Portland, argued the cause and filed the brief for appellant.

Stephanie S. Andrus, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Deits, Presiding Judge, and Riggs and Durham, Judges.

RIGGS, J.

**RIGGS, J.**

Petitioner appeals from a judgment dismissing, *sua sponte*, his petition for a writ of *habeas corpus*. ORS 34.370(6). We reverse.

In his petition, petitioner alleged that he suffers from a foot problem. He further alleged that an orthopedic doctor at the Eastern Oregon Correctional Institution prescribed orthopedic shoes and socks, which he wore in prison until his transfer to the Oregon State Penitentiary (OSP). Upon arrival, he alleges, the orthopedic shoes were confiscated. The OSP doctor declined to prescribe special footwear. Petitioner alleges that confiscation of his orthopedic shoes has caused pain and difficulty in walking, and has aggravated an already serious foot condition.

A condition that exposes an inmate to a serious health hazard justifies *habeas corpus* relief. *Bedell v. Schiedler*, 307 Or 562, 570, 770 P2d 909 (1989). In *Bedell*, the Supreme Court said that a petitioner who suffered severe headaches, a sore throat and sinus problems did not have to wait months and or even years for relief through other legal proceedings but could, instead, seek *habeas corpus* relief. 307 Or at 569. Here, petitioner's health problems are as serious as those in *Bedell*. It is particularly noteworthy that, according to the petition, the Department of Corrections apparently considered petitioner's foot condition serious enough to provide medical treatment through the use of the special shoes and socks before the institutional transfer. Petitioner need not endure pain and aggravation of his condition while pursuing slower, more cumbersome legal relief. *Habeas corpus* is an appropriate remedy in these circumstances.

Reversed and remanded.