Submitted on record and briefs November 14, 1994, reversed and remanded
February 22, petition for review allowed August 22, 1995 (321 Or 512)

# JESS A. BILLINGS,
*Appellant,*

*v.*

# Edward L. GATES,
Superintendent,
Snake River Correctional Institution,
*Respondent.*

(94-02-26238-M; CA A83424)

890 P2d 995

Christopher J. Shine, Multnomah Defenders, Inc., filed the brief for appellant.

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Kristin N. Preston, Assistant Attorney General, filed the brief for respondent.

Before Deits, Presiding Judge, and Riggs and Haselton, Judges.

HASELTON, J.

## HASELTON, J.

Plaintiff appeals the dismissal of his petition for a writ of *habeas corpus*. ORS 34.370(2)(b)(A). We reverse and remand.

Plaintiff, an inmate at the Snake River Correctional Institute (SRCI), petitioned for a writ of *habeas corpus*, alleging:

"The shoes the institution has [have] no arch supports, and Petitioner has attempted to address this problem, because any walking causes the Petitioner pain to the point where he cannot walk. When the Doctor did see the Petitioner, he told him that he has high arches, will have to buy arch supports off of the commissary, that SRCI will not provide arch supports, even where the Petitioner is indigent and unable to pay for arch supports for his bad feet. Thus, denying the Petitioner proper medical treatment."

The court issued an order directing defendant to show cause why the writ should not be allowed. ORS 34.370(1), (2)(a).[1] Defendant's response included both a memorandum of law, which argued that plaintiff's medical treatment claims must be tested against the "deliberate indifference" standard enunciated in *Estelle v. Gamble*, 429 US 97, 97 S Ct 285, 50 L Ed 2d 251 (1976), and an affidavit by a nurse at SRCI. The affidavit stated: (1) based on a review of plaintiff's medical records, his use of arch supports was elective, rather than medically necessary; (2) under Corrections Division rules, elective prostheses were to be purchased by the inmate, and not by the institution; and (3) consequently, plaintiff had "received proper medical care for his condition."

The trial court subsequently entered a judgment pursuant to ORS 34.370(2)(b)(A),[2] denying the petition as meritless:

---

[1] ORS 34.370 provides, in part:

"(1) Except as provided in subsection (6) of this section, the judge to whom the petition for a writ of habeas corpus is presented shall, without delay, issue an order directing the defendant to show cause why the writ should not be allowed.

"(2) Upon the issuance of a show cause order under subsection (1) of this section, the following shall apply:

"(a) The judge shall order that the defendant appear in writing in opposition to the issuance of the writ as soon as is practicable and not more than 14 days from the date that the show cause order issues."

[2] ORS 34.370(2)(b) provides:

"The judge shall rule on the show cause order within seven days after either the defendant files a written appearance in opposition or the appearance period

"Obviously, Plaintiff and [SRCI]'s Health Services Unit differ with respect to whether the arch supports are medically necessary.

"To prevail on this type of claim, Plaintiff must show that the Defendant was deliberately indifferent to his serious medical need. A difference of opinion as to whether the arch supports are 'medically necessary' does not establish deliberate indifference. Plaintiff chooses not to use any of the funds placed in his account for arch supports. Such is his right. Plaintiff cannot, however, in turn force [SRCI] to pay for his arch supports under the circumstances found in this case."

■    Before considering the merits of that adjudication, we must first address two threshold issues. First, what is our standard of review of denials of *habeas corpus* petitions under ORS 34.370(2)(b)(A), particularly where defendant has submitted factual materials in response to the court's order to show cause? Second, what is the substantive standard for obtaining *habeas corpus* relief in a medical treatment case under the Oregon Constitution? In particular, does the rule of *Priest v. Cupp*, 24 Or App 429, 545 P2d 917, *rev den* (1976), still govern medical treatment claims under the state constitution, or should that standard be disavowed in the light of *Estelle v. Gamble, supra*, and other subsequent federal authority?

We have never before addressed the propriety of evidentiary submissions under ORS 34.370(2) or the effect of such submissions on the trial court's consideration under that statute. Plaintiff argues that a denial under ORS 34.370(2)(b)(A) is the functional equivalent of a dismissal under ORCP 21A(8) for failure to state a claim. *See Weidner v. Zenon*, 124 Or App 314, 317, 862 P2d 550 (1993). Thus, plaintiff reasons, the circuit court's consideration of defendant's factual submissions was inappropriate, and our review is limited, as it is in appeals from dismissals pursuant to ORCP 21A(8), to determining whether, when viewed most

---

expires, whichever comes first. Upon making a ruling, the judge shall do one of the following, as appropriate:

"(A)  If the petition is a meritless petition brought under ORS 34.362, issue a judgment denying the petition.

"(B)  Issue a judgment granting appropriate habeas corpus relief.

"(C)  Issue a writ of habeas corpus requiring that a return be made."

favorably to plaintiff, the pleadings and related inferences allege a legally sufficient claim. Defendant concurs:

> "Plaintiff is right that under ORS 34.370, the judge should only consider whether the facts alleged in plaintiff's petition are sufficient to state a claim upon which habeas corpus relief may be granted. The judge's written explanation in the order indicates that the court considered whether plaintiff was indigent and whether defendant's medical staff believed the arch supports were medically necessary. In doing so, the court went beyond the scope of plaintiff's petition * * *." (Footnotes and citations omitted.)

■  We agree that the trial court's consideration of factual materials in the context of ORS 34.370(2) was erroneous. Although that statute does not define the content of a defendant's response to an order to show cause, or describe the bases on which a petition may be deemed "meritless,"[3] submission and consideration of factual materials at the order to show cause stage cannot be reconciled with the statutory framework. That is so for at least three reasons.

First, ORS 34.370(7) defines a "meritless petition" as "one which, when liberally construed, fails to state a claim upon which habeas corpus relief may be granted." That definition refers solely to the content of a plaintiff's petition and not to any extrinsic evidentiary materials. Consequently, the court's consideration under ORS 34.370(2)(b) is limited to the sufficiency of a plaintiff's petition. Second, ORS 34.370(2)(b) does not provide for a reply to a defendant's response. Thus, if defendants were permitted to submit factual materials, plaintiffs would have no opportunity to controvert those submissions. Third, the submission of factual materials before the issuance of a writ would skew and subvert the statutory design, which contemplates that factual issues will be litigated *after* the writ issues and the return and the replication are made. *See* ORS 34.680(1).[4] We thus

---

[3] The legislative history of ORS 34.370(2) is unenlightening on those issues.

[4] ORS 34.680(1) provides:

"The defendant may, before the writ issues, move to deny the petition on the grounds that the petition fails to state a claim for habeas corpus relief. The defendant may, *at any time after the writ issues*, move to dismiss the writ on the grounds that the pleadings, including the petition, the return, the replication, if any, *and any supporting evidence*, demonstrate that plaintiff has failed to state or establish a claim for habeas corpus relief." (Emphasis supplied.)

conclude that ORS 34.370(2)(b) pertains solely to the legal sufficiency of *habeas corpus* petitions and that we review denials pursuant to that subsection as we review dismissals under ORCP 21A(8).

■     Defendant argues that the trial court's consideration of his factual submissions was, nonetheless, harmless because the petition failed to plead a legally sufficient claim for *habeas corpus* relief. In particular, defendant contends that plaintiff failed to plead facts showing that prison staff acted with "deliberate indifference" to his medical needs.

Defendant acknowledges that in *Priest v. Cupp, supra*, we held that under both Article I, section 16, of the Oregon Constitution,[5] and the Eighth Amendment to the United States Constitution,[6] prison inmates must

> "be afforded such medical care in the form of diagnosis and treatment as is reasonably available under the circumstances of [their] confinement and medical condition." 24 Or App at 431.

Defendant notes, however, that in *Estelle v. Gamble, supra*, which was decided a few months after *Priest*, the United States Supreme Court adopted a "deliberate indifference" test for medical treatment claims under the Eighth Amendment:

> "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." 429 US at 106.

Defendant contends that, because "an awkward disparity * * * now exists between the state and federal standards," we should "abandon" *Priest's* "reasonably available" standard and henceforth apply a deliberate indifference standard to medical treatment claims under Article I, section 16.

---

[5] The Oregon Constitution, Article I, section 16, provides, in part:

"Cruel and unusual punishments shall not be inflicted, but all penalties shall be proportioned to the offense."

[6] The Eighth Amendment to the United States Constitution provides:

"Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

The trial court, which premised its dismissal on the deliberate indifference standard, apparently adopted that view. We do not.

We agree that there is a disparity between the standards governing medical treatment claims under the state and federal constitutions. We do not, however, agree that that difference is so compelling that we should overrule *Priest v. Cupp*. Although *Priest* itself pronounced a single standard for medical treatment claims under the state and federal constitutions, it did not purport to peg the state standard to the federal standard. Nor have we, or our Supreme Court, ever held that the protections of Article I, section 16, are exactly congruent to those of the Eighth Amendment. Indeed, for nearly 20 years since *Estelle v. Gamble, supra*, we have consistently adhered to, and reiterated, *Priest's* analysis. *See, e.g., Klinefelter v. Maass*, 111 Or App 608, 610, 826 P2d 1042 (1992); *Moore v. Peterson*, 91 Or App 616, 618, 756 P2d 1261 (1988); *Jorgenson v. Schiedler*, 87 Or App 100, 102, 741 P2d 528 (1987); *Johnson v. Cupp*, 29 Or App 541, 543, 564 P2d 734, *rev den* 279 Or 191 (1977).[7] We decline to repudiate those precedents. *See O'Brien v. State of Oregon*, 104 Or App 1, 5-6, 799 P2d 171 (1990), *rev dismissed* 312 Or 672 (1992).

■ We thus consider whether plaintiff's petition states a sufficient claim for *habeas corpus* relief under the *Priest v. Cupp* standard. Plaintiff alleges that the lack of arch supports leaves him so disabled with pain that he is unable to walk;

---

[7] The Oregon Supreme Court has referred to, but not expressly endorsed, *Priest v. Cupp's* "reasonably available" standard. In *Bedell v. Schiedler*, 307 Or 562, 770 P2d 909 (1989), the court held that the plaintiff's replication, which alleged that the defendant's failure to provide adequate ventilation and circulation of clean air at Oregon Women's Correctional Center had caused her to suffer severe headaches, a sore throat and sinus problems, was legally sufficient:

"Construed liberally, the replication alleges that the environment in which she is confined unnecessarily subjects her to serious health hazards. *If prisoners are entitled to reasonable and necessary medical care,*[7] it reasonably follows that they also are entitled to an environment that does not unnecessarily subject them to serious health hazards.

---

"[7] *See* Or Const, Art I, § 13; *Sterling v. Cupp*, 290 Or 611, 625 P2d 123 (1981); *Estelle v. Gamble*, 429 US 97, 104-06, 97 S Ct 285, 50 L Ed 2d 251 (1976)." 307 Or at 570. (Emphasis supplied.)

The emphasized language implies endorsement of *Priest v. Cupp's* "reasonably available" standard. The footnoted reference to *Estelle v. Gamble* as support for that proposition is inscrutable.

that arch supports are available through the commissary at SRCI; and that, notwithstanding plaintiff's indigency, defendant has refused to provide those supports. That claim is comparable to others that we have held were legally sufficient. *See, e.g., Voth v. Maass*, 120 Or App 574, 852 P2d 969 (1993) (foot problem aggravated by defendant's confiscation of prescribed orthopedic footwear and refusal to provide replacement footwear); *Jorgenson v. Schiedler, supra* (edema in ankles). *Accord Bedell v. Schiedler, supra* n 7. Plaintiff has stated a sufficient claim under *Priest v. Cupp*.

■ Finally, defendant contends that, regardless of the application of *Priest v. Cupp*, we should affirm because plaintiff's pleadings do not disclose that the alleged violation is one that "requires immediate judicial attention and for which no other timely remedy is practicably available to the plaintiff." ORS 34.362(2). Again, we disagree. We have consistently held that the "immediate judicial attention" requirement is met by pleadings that allege a serious, immediate, and ongoing health hazard. *See, e.g., Voth v. Maass, supra*; *Klinefelter v. Maass, supra*; *Jones v. Maass*, 106 Or App 42, 44, 806 P2d 168, *rev den* 311 Or 426 (1991). Here, plaintiff's allegation that he is in such severe pain from his untreated high arches that he cannot walk adequately pleads such a health hazard. *See Voth v. Maass, supra.*

Plaintiff's pleadings similarly demonstrate the unavailability of any timely and practical alternative remedy. In *Keenan v. Peterson*, 307 Or 323, 325, 767 P2d 441 (1989), the court identified three alternative remedies available to a *habeas corpus* plaintiff: a civil action seeking injunctive relief, an action for declaratory judgment, or a petition for a writ of mandamus. However, in *Bedell v. Schiedler, supra*, the court observed:

> "In the context of plaintiff's allegations that she is unnecessarily suffering serious and ongoing injury, an ordinary civil action seeking injunctive relief is neither a timely nor an adequate remedy. We cannot find that plaintiff is required to endure additional weeks, months or perhaps years, of the unconstitutional conditions pleaded in her replication while pursuing tort claims against this defendant, the state, or other potential defendants." 307 Or at 569. (Citation omitted.)

The same is true for this plaintiff. As we said with reference to similar foot miseries in *Voth v. Maass, supra*:

"Petitioner need not endure pain and aggravation of his condition while pursuing slower, more cumbersome legal relief. *Habeas corpus* is an appropriate remedy in these circumstances." 120 Or App at 576.

Reversed and remanded.