Submitted on record and brief November 7, 1995, reversed and remanded
January 3, 1996

## Tyrone W. WATERS,
### *Appellant,*

*v.*

## John BUNNELL,
### Acting Sheriff of Multnomah County, Oregon,
### *Respondent.*

(950433109; CA A88476)

909 P2d 214

Garrett A. Richardson filed the brief for appellant.

No appearance by respondent.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

**WARREN, P. J.**

█    Plaintiff appeals from a judgment dismissing, *sua sponte*, his petition for a writ of *habeas corpus*. ORS 34.370(6). We review for errors of law, *Bedell v. Schiedler*, 307 Or 562, 564, 770 P2d 909 (1989), and reverse and remand.

We assume the truth of all well-pleaded allegations and all reasonable inferences that may be drawn in favor of plaintiff. *Weidner v. Zenon*, 124 Or App 314, 862 P2d 550 (1993).

Only one issue that plaintiff raises presents a potentially proper basis for *habeas corpus* relief:

"I further allege that while in custody at the Multnomah County Jail Facilities officers refused my right to medical care and reinjured my back and refused to comply with doctors orders of no work, lifting, bending, twisting, and lower tier bunk only."

█    A condition that exposes an inmate to a serious health hazard justifies *habeas corpus* relief. *Bedell*. Plaintiff alleges that he is under a doctor's order that restricts his activities and limits him to sleeping on a lower bunk. Plaintiff also alleges that he has a back condition that was "reinjured." The permissible inferences are that plaintiff has a back injury serious enough that a doctor has prescribed medical treatment by ordering plaintiff to refrain from certain activities; that plaintiff's injury was aggravated because jail officers refused to provide conditions consistent with plaintiff's medical restrictions; and that plaintiff was denied medical care when his condition was aggravated. Liberally construed, plaintiff's petition alleges that he is not receiving prescribed medical care.

In *Voth v. Maass*, 120 Or App 574, 852 P2d 969 (1993), we said that the denial of *prescribed* medical treatment triggered *habeas corpus* relief. In *Voth*, we inferred that plaintiff's medical condition constituted an immediate, ongoing and serious health hazard because medical treatment had been prescribed but was denied. 120 Or App at 576. On that ground, we concluded that the denial of plaintiff's prescribed

treatment warranted immediate judicial scrutiny. *Id.* Therefore, plaintiff's allegations, if proven, may entitle him to *habeas corpus* relief. ORS 34.362(2).

Reversed and remanded.