Submitted on remand January 14, reversed and remanded September 10, 1997

# CHARLES M. KEENAN,
## *Appellant,*

*v.*

# Manfred (Fred) MAASS,
## Superintendent,
## Oregon State Penitentiary,
## *Respondent.*

### (94-C-11097; CA A84950)

945 P2d 526

David W. Knofler and Multnomah Defenders, Inc. for appellant.

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Kristin N. Preston, Assistant Attorney General, for respondent.

Before Deits, Chief Judge, and De Muniz and Haselton, Judges.

DE MUNIZ, J.

**DE MUNIZ, J.**

This habeas corpus case is on remand from the Supreme Court, *Keenan v. Maass*, 324 Or 230, 923 P2d 1200 (1996), for reconsideration in the light of *Billings v. Gates*, 323 Or 167, 916 P2d 291 (1996). Plaintiff alleged a denial of constitutionally adequate dental care by defendant in the treatment of his overbite and Temporomandibular Joint Dysfunction (TMJ). Defendant filed a motion to dismiss and, after the parties submitted supporting affidavits, the trial court granted defendant's motion. The evidence and procedural history are set out in detail in our opinion at 138 Or App 576, 911 P2d 331 (1996), and we repeat them only as required for reconsideration.

On plaintiff's appeal, we applied the standard for determining a violation of Article I, section 16, from *Priest v. Cupp*, 24 Or App 429, 431, 545 P2d 917, *rev den* (1976), as we had analyzed it in *Billings v. Gates*, 133 Or App 236, 242, 890 P2d 995 (1995). As we understood the appropriate standard, a claim that dental care was constitutionally inadequate as cruel and unusual punishment under Article I, section 16, of the Oregon Constitution was to be assessed under different standards from a claim under the Eighth Amendment, and a plaintiff had to allege and prove that the defendant had not provided medical care that was reasonably available under the circumstances of the confinement and medical condition. *Keenan*, 138 Or App at 580. Under that standard, we reversed, holding that plaintiff's affidavit was sufficient to raise issues of fact that precluded a summary adjudication.

■■ The Supreme Court's opinion in *Billings* held that the "reasonably available" standard first announced in *Priest* was the wrong standard for habeas corpus medical care claims under Article I, section 16. 323 Or at 180. It held that the Eighth Amendment standard of "deliberate indifference" to serious medical needs is also the appropriate standard under Article I, section 16. *Id.*; *see Estelle v. Gamble*, 429 US 97, 97 S Ct 285, 50 L Ed 2d 251, *reh'g den* 429 US 1066 (1976) (deliberate indifference to serious medical needs of prisoners constitutes unnecessary and wanton infliction of pain proscribed by the Eighth Amendment). Under that standard, the

plaintiff must establish more than an honest difference of medical opinion about correct diagnosis and necessary treatment. *Billings*, 323 Or at 181. The plaintiff must establish a serious medical condition:

"A medical condition is serious when, if untreated, it would have a significant adverse effect on an inmate's daily activities, resulting in substantial and recurring pain or discomfort, or would create a significant risk of permanent disability or death." *Id*.

■■    On reconsideration, we apply that standard to the evidence and again reverse and remand. Plaintiff has shown issues of fact as to whether defendant has responded to his dental needs with deliberate indifference. Plaintiff's affidavit shows more than an honest difference of medical opinion about diagnosis and treatment of his overbite and TMJ. As we noted in our earlier opinion, plaintiff's affidavit recites that, as to his overbite, two dentists at two different correctional facilities told him that, until his severe overbite was "repaired," his teeth would continue to chip and break off:

"Those statements suggest that 'repair,' which can reasonably be read as meaning orthodontia, is not just one of a range of possible treatment options, but one that is far more efficacious—indeed, perhaps the only efficacious remedy for plaintiff's severe overbite." *Keenan*, 138 Or App at 583.

As we also noted, it is reasonable to assume that broken teeth are painful and that plaintiff's overbite may well lead to the destruction of his teeth. *Id*. at 584. Under the *Billings* standard, plaintiff has shown a dental condition that, if treatment is not provided, will continue to cause him substantial and recurring pain and discomfort with a significant adverse effect on his daily activities.

■    As to his TMJ, plaintiff averred that the correctional institution's head dentist had told him that there is a way to fix the problem by surgery on his jaw, but that it would cost too much:

"Read most favorably to plaintiff, [the dentist's] statement is an admission that surgery would be an effective means of treating plaintiff's alleged TMJ. Moreover, plaintiff's affidavit states facts, *e.g.*, the continuation of TMJ-related

symptoms, permitting a reasoned conclusion that the course of treatment [the dentist] prescribed has proven ineffective. Thus, plaintiff's affidavit goes beyond merely identifying an alternative mode of treatment; instead, read most favorably to plaintiff, it shows that the prescribed course of treatment has proven ineffective and that another course of treatment, which defendant has refused to provide, would be effective." *Keenan*, 138 Or App at 587.

Plaintiff also averred that the TMJ condition causes him severe headaches, jaw aches, migraine headaches and popping and grinding in his jaw whenever he opens his mouth, *id.* at 588, a condition that we concluded has a significant adverse effect on basic life activities such as eating and talking. *Id.* It is also reasonable to assume that the condition causes substantial and recurring pain and discomfort. We conclude that, under the standard for Article I, section 16, articulated in *Billings*, 323 Or 167, plaintiff has demonstrated issues of fact that, if proved, would show deliberate indifference to serious medical conditions.

Reversed and remanded.