Submitted April 28, reversed and remanded September 10, 2020

# DONALD L. EASLEY,
*Plaintiff-Appellant,*

*v.*

# Troy BOWSER,
Superintendent,
Two Rivers Correctional Institution,
*Defendant-Respondent.*

## Umatilla County Circuit Court
18CV35624; A170973

474 P3d 915

Plaintiff, an inmate at Two Rivers Correctional Institution (TRCI), petitioned for a writ of habeas corpus, alleging that defendant, the superintendent at TRCI, denied him constitutionally adequate medical treatment for his chronic back pain. Defendant moved to dismiss plaintiff's writ, and the trial court granted defendant's motion and entered a general judgment of dismissal. On appeal, plaintiff contends that he presented sufficient evidence to establish a genuine issue of material fact as to whether defendant was deliberately indifferent to his serious medical needs. *Held*: Viewing the record as a whole, and taking the evidence in the light most favorable to plaintiff, he experienced continued and worsening pain while defendant repeatedly provided the same diagnostic procedures that did not identify a source for his pain and the same treatment options that did not alleviate the bulk of his symptoms. Given the appellate standard of review, a reasonable trier of fact could find that defendant had been deliberately indifferent to plaintiff's serious medical need.

Reversed and remanded.

Eva J. Temple, Judge.

Lindsey Burrows and O'Connor Weber LLC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Joanna Hershey, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and Powers, Judge, and Kamins, Judge.

KAMINS, J.

Reversed and remanded.

**KAMINS, J.**

Plaintiff, an inmate at Two Rivers Correctional Institution (TRCI), petitioned for a writ of habeas corpus, alleging that defendant, the superintendent at TRCI, denied him constitutionally adequate medical treatment for his chronic back pain. Defendant moved to dismiss plaintiff's writ, and the trial court granted defendant's motion and entered a general judgment of dismissal. On appeal, plaintiff contends that he presented sufficient evidence to establish a genuine issue of material fact as to whether defendant was deliberately indifferent to his serious medical needs. For the reasons set out below, we conclude that the trial court erred in dismissing the writ. Accordingly, we reverse and remand.

"A motion to dismiss a writ of habeas corpus is the functional equivalent of a motion for summary judgment." *Woodroofe v. Nooth*, 257 Or App 704, 705, 308 P3d 225, *rev den*, 354 Or 491 (2013) (internal quotation marks omitted). Consequently, in reviewing a judgment dismissing a writ of habeas corpus, we must determine whether (1) the record, viewed in the light most favorable to the plaintiff, presents no genuine issue of material fact and (2) the defendant is entitled to prevail as a matter of law. *Id.*; *see* ORCP 47 C ("No genuine issue as to a material fact exists if, based upon the record before the court viewed in a manner most favorable to the adverse party, no objectively reasonable juror could return a verdict for the adverse party on the matter that is the subject of the motion for summary judgment.").

Plaintiff alleges that defendant has denied him adequate medical treatment for his chronic back pain in violation of the prohibitions against cruel and unusual punishment under Article I, section 16, of the Oregon Constitution and the Eighth and Fourteenth Amendments to the United States Constitution. To state a cognizable claim for habeas corpus relief under both the Oregon and United States constitutions, "a prisoner must allege that [he or she] has a serious medical need that has not been treated in a timely and proper manner and that prison officials have been deliberately indifferent to the prisoner's serious medical needs." *Billings v. Gates*, 323 Or 167, 180-81, 916 P2d 291 (1996)

(adopting the standard under the Eighth Amendment set forth in *Estelle v. Gamble*, 429 US 97, 106, 97 S Ct 285, 50 L Ed 2d 251 (1976), *reh'g den*, 429 US 1066, 97 S Ct 798, 50 L Ed 785 (1977)). To establish deliberate indifference, a plaintiff must demonstrate something "more than an honest difference of medical opinion about correct diagnosis and necessary treatment." *Billings*, 323 Or at 181. The deliberate indifference standard is high, but it "is not intended to insulate prison staff from judicial scrutiny of decisions made in the course of diagnosing and treating prison inmates." *Id*.

In line with our standard of review, we briefly state the relevant facts from the record in the light most favorable to plaintiff. Plaintiff suffers from chronic back pain, which he reports as stemming from an "incident" in 2013. When he was transferred into the custody of the Oregon Department of Corrections (DOC) in October 2014, plaintiff informed DOC staff of his pain. Plaintiff was given a physical examination and an x-ray soon after he arrived at TRCI; the x-ray showed mild degenerative changes to plaintiff's discs and mild osteophytic lipping, but no other abnormalities. DOC physicians concluded that plaintiff's pain was caused by degenerative disc disorder and, to treat that condition, they prescribed nonsteroidal anti-inflammatory pain relievers (NSAIDs), hot packs, and exercises.

Plaintiff's back pain continued despite those treatments, and he complained of that pain consistently and often from the time that he arrived at TRCI in 2014 until he filed a petition for writ of habeas corpus in 2018. Over that four-year period, plaintiff was seen in the prison clinic more than 25 times by two DOC physicians for his persistent back pain, among other things. Plaintiff requested an MRI procedure to better diagnose the cause of his back pain multiple times during that period. Neither DOC physician believed that an MRI was indicated, but they nonetheless both forwarded plaintiff's request to the DOC Therapeutic Level of Care Committee (TLCC). The first request for an MRI was referred to the TLCC in 2016, and the second was referred in 2018. The TLCC denied both requests without explanation, writing only "Denied" on the first request form and "NO" on the second.

Instead of an MRI, the DOC physicians gave plaintiff repeated physical examinations and x-rays, which continued to show degenerative changes to plaintiff's discs, as well as mild to moderate osteophytic lipping. In response to those x-ray results, and even as plaintiff's osteophytic lipping progressed from mild to moderate, the physicians continued to prescribe the same treatments of NSAIDs, hot packs, and exercises, and plaintiff's pain continued without relief. The only other diagnostic procedure in the record is an abdominal CT scan that DOC staff ordered in 2018 in response to plaintiff's complaint of abdominal pain.[1] The DOC physician did not believe the CT scan of the abdomen indicated a need for an MRI.

Turning to the parties' arguments, we note first that defendant did not challenge plaintiff's assertion that he suffers from a serious medical need. *See Eklof v. Steward*, 360 Or 717, 731, 385 P3d 1074 (2016) (explaining that under ORCP 47 C, a motion for summary judgment puts at issue only those issues "raised in the motion"). Consequently, and given the volume of plaintiff's complaints of chronic pain, the only issue before us is whether there is a triable dispute of fact as to whether defendant was deliberately indifferent to plaintiff's back condition. *See Keenan v. Maass*, 149 Or App 576, 580, 945 P2d 526 (1997) (recognizing that a condition that causes constant or recurring pain amounts to a serious medical need).

On appeal, plaintiff asserts that the record would permit an objectively reasonable factfinder to find that defendant was deliberately indifferent by failing to take additional diagnostic steps to diagnose his persistent, severe back pain. Specifically, plaintiff contends that, although the DOC physicians made diagnostic and treatment efforts on plaintiff's behalf, those efforts were not sufficient to

---

[1] Defendant contends that this CT scan was actually a CT scan of plaintiff's lumbar spine, which is the way one of the DOC physicians described the scan in his progress notes and declaration. However, the only evidence in the record of a CT scan is an abdominal and pelvic scan, ordered in response to symptoms plaintiff reported for a condition unrelated to his back pain. Given that we review the record in the light most favorable to plaintiff, we do not infer the existence of a lumbar CT scan of which defendant did not provide evidence, nor can we infer that an image of the abdomen provides a sufficient view of the spine to render a diagnosis.

ameliorate plaintiff's pain. Plaintiff points to the availability of other diagnostic measures, such as an MRI, which the physicians requested on plaintiff's behalf and the TLCC denied. Thus, plaintiff asserts that, because the diagnostic and treatment efforts of the DOC physicians were not successful in addressing plaintiff's pain and there were other options available to discover and treat the cause of that pain, there is a triable issue of material fact as to whether the prison's refusal to grant an MRI constituted deliberate indifference.

Defendant responds that the prison provided adequate medical treatment for plaintiff's chronic back pain because the DOC physicians "conducted a number of diagnostic tests to confirm that plaintiff's pain was caused by mild degenerative disc disease," and that, according to the treating physician, the members of the TLCC opined that there was "no medical evidence to support a need for an MRI."[2] Defendant directs us to *Toguchi v. Chung*, 391 F3d 1051, 1058, 391 F3d 1051 (9th Cir 2004), for the proposition that when a prisoner challenges medical staff's choice between alternative courses of treatment, the plaintiff must establish that "the chosen course of treatment was medically unacceptable under the circumstances, and was chosen in conscious disregard of an excessive medical risk to the prisoner's health." (Internal quotation marks omitted.) Defendant contends that "the evidence showed, at most, a mere difference of medical opinion between plaintiff and his doctors," and defendant was therefore entitled to judgment as a matter of law.

Generally, "the question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment." *Estelle*, 429 US at 107. However, the decision to authorize a diagnostic procedure is not entirely shielded from judicial review. Indeed, as the Oregon Supreme Court has recognized, "[t]he 'deliberate indifference' standard is not intended to insulate prison staff from judicial scrutiny of decisions made

---

[2] The physician's notes do not indicate how he knew the TLCC's reasoning for denying plaintiff's request for an MRI, which was not stated elsewhere in the record.

in the course of diagnosing *** prison inmates." *Billings*, 323 Or at 181. Moreover, "[i]n deciding whether there has been deliberate indifference to an inmate's serious medical needs, we need not defer to the judgment of prison doctors or administrators." *Hunt v. Dental Dep't*, 865 F2d 198, 200 (9th Cir 1989). Thus, the bare assertion of the use of "medical judgment," without articulated reasons, does not necessarily mean that an objectively reasonable factfinder could not find for a plaintiff alleging a claim of deliberate indifference. Indeed, a plaintiff can successfully support a claim for deliberate indifference even when a prison doctor has made a diagnosis by alleging "facts, which, if true, dispute the accuracy of that diagnosis." *Villarreal v. Thompson*, 142 Or App 29, 33-34, 920 P2d 1108 (1996) (reviewing a *sua sponte* motion to dismiss at the pleadings stage of proceedings).

Read most favorably to plaintiff, the record contains evidence that he suffered persistent, severe, and worsening back pain that interfered with his ability to perform routine daily tasks, including walking long distances. In response to plaintiff's continued complaints of severe pain, defendant provided the same diagnostic measure, an x-ray, multiple times.[3] The results of those x-rays showed mild to moderate degenerative changes to plaintiff's lumbar spine, and, according to the DOC physicians, did not provide a structural explanation for the intensity of plaintiff's continued and worsening pain. Although the x-rays did not show a structural cause of plaintiff's pain, the DOC physicians did not undertake further diagnostic procedures and instead repeatedly prescribed the same treatments that, viewed in the light most favorable to plaintiff, were ineffective: NSAID medication, heat packs, and exercises.

Defendant does not argue that plaintiff's pain is less severe than he alleges or challenge plaintiff's assertion that his pain was persistent and worsening, and the record does not provide support for why additional diagnostics were not warranted when the prescribed treatment did not alleviate plaintiff's symptoms. Additionally, defendant does not argue

---

[3] Although defendant claims that there was an additional diagnostic image of a CT scan of the lumbar spine, as discussed above, there is no evidence on the record of a CT scan of the lumbar spine.

on appeal that this is a case in which plaintiff was required to submit expert testimony to meet his evidentiary burden under ORCP 47 C. *See Hinchman v. UC Market, LLC*, 270 Or App 561, 570, 348 P3d 328 (2015) ("Expert testimony is *** 'required' to create a genuine issue of material fact if the point or points put at issue by the defendant's summary judgment motion are ones that are susceptible to proof through expert testimony, given the plaintiff's particular theory of her claim."). Instead, defendant argues only that the record compels the inference that the DOC physicians and the TLCC exercised medical judgment in determining that an MRI was not indicated. That means, in defendant's view, that plaintiff has not come forward with sufficient evidence to allow a reasonable factfinder to find in his favor on his claim of deliberate indifference.

We disagree. Although the medical records reflect that defendant responded to plaintiff's back condition, they do not demonstrate the basis for the decisions that the DOC physicians and the TLCC made. Further, viewing the record as a whole, and taking the evidence in the light most favorable to plaintiff, he experienced continued and worsening pain while defendant repeatedly provided the same diagnostic procedures that did not identify a reason for the continuing and worsening nature of his pain and the same treatment options that did not alleviate the bulk of his symptoms. Given our standard of review, a reasonable trier of fact could find that defendant had been deliberately indifferent to plaintiff's serious medical need.

Because plaintiff has demonstrated a triable issue of fact as to the constitutional adequacy of defendant's treatment of his serious medical need, the trial court erred in granting defendant's motion to dismiss.

Reversed and remanded.