***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted October 26, affirmed November 23, 2022, petition for review denied
March 30, 2023 (370 Or 828)

MICHAEL WAYNE WESLEY, JR.,
*Plaintiff-Appellant,*

*v.*

Brad CAIN,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
20CV29273; A175943

Paula Brownhill, Senior Judge.

Jedediah Peterson and O'Connor Weber LLC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and E. Nani Apo, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Plaintiff sought habeas corpus relief, alleging that the superintendent of Snake River Correctional Institution had been "deliberately indifferent" to his "serious medical need," in violation of his right to be free from cruel and unusual punishment pursuant to Article I, section 16, of the Oregon Constitution and the Eighth Amendment to the United States Constitution. *See Billings v. Gates*, 323 Or 167, 180-81, 916 P2d 291 (1996) (adopting that standard). The parties do not dispute that plaintiff's significant injuries constitute a serious medical need. Plaintiff contends, however, that delays in his treatment and care stemming from the COVID pandemic amount to deliberate indifference, that is, a "conscious disregard" of a substantial risk of serious medical harm. *Easley v. Bowser*, 306 Or App 460, 464, 474 P3d 915 (2020) (citing *Toguchi v. Chung*, 391 F3d 1051, 1058 (9th Cir 2004)). We agree with the trial court that the record does not evince deliberate indifference on the part of defendant, particularly in light of the fact that plaintiff has been scheduled for or received the care that had been delayed.[1]

Affirmed.

---

[1] In particular, plaintiff has been scheduled for the physical therapy that his treating providers have unanimously agreed would be beneficial to him. The trial court's observation that physical therapy would not enable plaintiff to walk again is not relevant to the question of whether the treatment is indicated.