Petition filed August 23 on behalf of petitioner on review, judgment of Court of Appeals reversed, remanded to circuit court October 15, 1985

RICHARD J. TARVER,
*Petitioner on Review,*

*v.*

CUPP,
*Respondent on Review.*

(148,072; CA A34447; SC S31963)

707 P2d 572

Before Peterson, Chief Justice, and Linde, Campbell, Roberts, Carson and Jones, Justices.

## MEMORANDUM OPINION

Petitioner, imprisoned in the Oregon State Penitentiary, petitioned for a writ of habeas corpus, alleging that respondent's refusal to let him participate in a program for mentally or emotionally disturbed persons at the Oregon State Hospital "constitutes a confinement status greater than authorized by his initial sentence" and "requires immediate judicial inquiry."

The writ is available "when a petition alleges * * * deprivations of a prisoner's legal rights of a kind which, if true, would require immediate judicial scrutiny, if it also appears to the court that no other timely remedy is available to the prisoner." *Penrod/Brown v. Cupp,* 283 Or 21, 28, 581 P2d 934 (1978).

Respondent moved to dismiss the petition on the ground that petitioner had earlier filed a request for relief in the United States District Court which was still pending. The circuit court allowed the motion and dismissed the petition on that ground. The Court of Appeals affirmed without opinion, and petitioner seeks review in this court.

When we emphasized in *Penrod/Brown, supra,* that the use of the writ of habeas corpus to trigger judicial inquiry into conditions of confinement depends on "the need for immediate attention, if this appears from the urgency of the harm to which the prisoner claims to be exposed * * * and the practical inadequacy of an alternative remedy to meet this need," and that a circuit court might dismiss the petition "if, but only if, the court identifies another timely remedy that actually is available to petitioner," 283 Or at 28, we were referring to timely remedies available under Oregon law. We did not mean remedies available in federal courts for failure of Oregon to live up to federal standards. Oregon is responsible for providing its own remedies for legal deprivations, *see* Or Const, Art I, § 10,[1] and in prisoners' cases, this particularly applies to the remedy of habeas corpus guaranteed in Article I, section 23, of the Oregon Constitution. That writ cannot be

---

[1] Article I, section 10, of the Oregon Constitution provides:

"No court shall be secret, but justice shall be administered, openly and without purchase, completely and without delay, and every man shall have remedy by due course of law for injury done him in his person, property, or reputation."

denied because the prisoner also has turned for help to intervention by federal authority.

It is clear from the record and on the face of the circuit court's order that the circuit court dismissed the petition because of the pendency of the federal suit and not because the court made a determination that the alleged deprivations were not arguably unlawful or did not require immediate judicial intervention. *See Penrod/Brown v. Cupp, supra,* 283 Or at 28. The court should have disregarded the possibility of a federal remedy in dealing with petitioner's petition for habeas corpus.

The petition for review is allowed, the decision of the Court of Appeals is reversed, and the case is remanded to the circuit court for further proceedings.