Submitted on record and briefs April 5, reversed and remanded in part; otherwise affirmed November 3, 1993

COREY D. WEIDNER,
*Appellant,*

*v.*

Carl ZENON,
Superintendent,
Oregon State Penitentiary,
*Respondent.*

(92C11808; CA A76929)
(92C11772; CA A76930)
(Cases Consolidated for Opinion Only)

862 P2d 550

Garrett A. Richardson, Multnomah Defender, filed the brief for appellant.

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Katherine H. Waldo, Assistant Attorney General, filed the brief for respondent.

Before Deits, Presiding Judge, and Riggs and Durham, Judges.

RIGGS, J.

Durham, J., concurring in part; dissenting in part.

## RIGGS, J.

Petitioner, an inmate in the Oregon State Correctional Institution, filed two petitions for writs of *habeas corpus* alleging that defendant violated his rights under the Eighth Amendment to the United States Constitution, and Article I, sections 13 and 16, of the Oregon Constitution, for failing to provide him with medical and mental health treatment. The trial court dismissed both of his petitions *sua sponte*, before a response or replication was made, for lack of jurisdiction.[1] ORS 34.370(6). We affirm in part and reverse in part.

■  We review for errors of law. *Bedell v. Schiedler*, 307 Or 562, 564, 770 P2d 909 (1989). ORS 34.362(2) provides that a petition for a writ of *habeas corpus* must

"[s]tate facts in support of a claim that the person is deprived of a constitutional right that requires immediate judicial attention and for which no other timely remedy is practicably available to the plaintiff."

ORS 34.370 provides, in relevant part:

"(6)  The court may, on its own motion, enter a judgment denying a meritless petition brought under ORS 34.362.

"(7)  As used in this section, 'meritless petition' means one which, when liberally construed, fails to state a claim upon which habeas corpus relief may be granted."

■■  Except where a different procedure is specified by *habeas corpus* statutes, the procedures in the Oregon Rules of Civil Procedure are to be followed in *habeas corpus* actions. *Bedell v. Schiedler, supra,* 307 Or at 565. Our review of a *sua sponte* dismissal *before* a response or replication is made, is

---

[1] The judgment did not specify why petitioner did not meet the minimum jurisdictional requirements. The court's judgment of dismissal reads, in its entirety:

"The Court, having examined the Habeas Corpus Petition, has determined that jurisdiction does not lie in Habeas Corpus.

"It is Hereby ordered and adjudged that Plaintiff's petition for writ of habeas corpus does not meet the minimum requirements to invoke habeas corpus jurisdiction.

"It is further ordered that the Trial Court Administrator forward a copy of this Order to the Plaintiff.

"This case is Dismissed."

similar to our review of an ORCP 21 motion, in which we assume the truth of all well-pleaded allegations and make all reasonable inferences that may be drawn. *Machunze v. Chemeketa Community College*, 106 Or App 707, 712, 810 P2d 406, *rev den* 312 Or 16 (1991). Here, because no response or replication was made, we look only at petitioner's petition to see if he has met the statutory requirements necessary to invoke *habeas corpus* relief. ORS 34.360.

■     Petitioner's first petition alleges that the trial court directed him to become involved in mental health treatment, but he has not received such treatment. However, he has not alleged any facts to show that a risk of serious and immediate harm exists if he does not receive treatment. Thus, he has not alleged a claim on which *habeas corpus* relief can be granted. *Fox v. Zenon*, 106 Or App 37, 41, 806 P2d 166 (1991); *Jones v. Maass*, 106 Or App 42, 45, 806 P2d 168, *rev den* 311 Or 426 (1991).

■■     Petitioner's second petition alleges that he has been denied handicapped access to a food slot, outside recreation and a safety seat, and that he has been harassed for using his wheelchair and denied access to it. Those allegations do not state a claim for *habeas corpus* relief. Petitioner has alternative civil remedies available to him for denial of handicapped access. In addition, enjoining defendant from harassing petitioner or denying him access to his wheelchair would provide him with an adequate remedy for the last two allegations. The trial court properly dismissed these claims as lacking a basis for *habeas corpus* relief. Petitioner also alleges that he has been denied access to a fire escape. This allegation has life-threatening implications. When liberally construed, it states a claim on which *habeas corpus* relief could be granted.

■     Petitioner finally alleges that he is being denied surgery and physical therapy for a spinal injury and that he suffers dizziness, tinnitus, and memory and concentration problems due to previous head injuries. He claims that he has been denied tests recommended by a neurologist in 1992 that might lead to diagnosis and treatment of his alleged severe and ongoing problems. Those are claims on which *habeas corpus* relief may be granted.

Reversed and remanded for a writ to issue on claims for denial of access to a fire escape, medical treatment for spinal injury, and medical diagnosis and treatment for possible neurological problems; otherwise affirmed.

**DURHAM, J.,** concurring in part; dissenting in part.

This case requires the court to determine the scope of the trial court's statutory authority to dismiss *sua sponte* a petition for writ of *habeas corpus*. ORS 34.370 provides, in part:

"(6) The court may, on its own motion, enter a judgment denying a meritless petition brought under ORS 34.362.

"(7) As used in this section, 'meritless petition' means one which, when liberally construed, fails to state a claim upon which habeas corpus relief may be granted."

Under the statute, the court, on its own motion, may *deny* a meritless *petition*, not *dismiss* a meritless *claim*. If a petition states at least one valid claim for *habeas corpus* relief, it is not meritless and the court cannot deny it on its own motion. If the petition joins both valid and invalid claims for *habeas corpus* relief, the defendant may move, before the writ issues, to deny the petition for failure to state a claim for *habeas corpus* relief. ORS 34.680(1). Defendant may also move, after the writ issues, to dismiss the writ for failure to state a claim. However, the court has no authority to dismiss claims on its own motion.

I concur with the majority that the court properly exercised its *sua sponte* authority to deny plaintiff's first petition concerning mental health treatment. It is a "meritless petition" within the meaning of ORS 34.370(7).

However, as the majority correctly observes, the second petition states adequate claims concerning denial of access to a fire escape and necessary medical care. Because the petition states at least one adequate claim, it is not a "meritless petition" under ORS 34.370(7), even if it also alleges other legally insufficient claims. The court had no authority to deny the second petition on its own motion. The majority's decision to remand only the claims regarding fire escape access and needed medical care is erroneous. Under ORS

34.370(6), the court has no authority, on its own motion, to dismiss particular claims or allegations. As to the second petition, I would reverse and remand the dismissal order in its entirety.

For these reasons, I dissent from the court's disposition on the second petition.