Submitted on record and briefs November 27, 1995, reversed and remanded July 3, 1996

## JULIO MONTELLOS VILLARREAL,
*Appellant,*

*v.*

## S. Frank THOMPSON,
Superintendent,
Oregon State Penitentiary,
*Respondent.*

## (95C-11465; CA A88813)

920 P2d 1108

Jay Edwards filed the brief for appellant.

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Erika L. Hadlock, Assistant Attorney General, filed the brief for respondent.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

Plaintiff, an inmate at Oregon State Penitentiary, filed a petition for a writ of habeas corpus, alleging that defendant is denying him treatment for a mental illness that has prompted several suicide attempts. The trial court summarily dismissed the petition for lack of habeas corpus jurisdiction, but did not state why the petition failed to meet jurisdictional requirements.[1] Plaintiff appeals from the judgment denying his petition. We review for errors of law, *Bedell v. Schiedler*, 307 Or 562, 564, 770 P2d 909 (1989); *Weidner v. Zenon*, 124 Or App 314, 316, 862 P2d 550 (1993), and reverse.

Under ORS 34.370(6), a trial court may deny a habeas corpus petition on its own motion before issuing a show cause order and before a return or replication is made. *Weidner*, 124 Or App at 316. ORS 34.370 provides, in part:

"(6) The court may, on its own motion, enter a judgment denying a meritless petition brought under ORS 34.310 to 34.730.

"(7) As used in this section, 'meritless petition' means one which, when liberally construed, fails to state a claim upon which habeas corpus relief may be granted."

Unless the habeas corpus statutes provide otherwise, the Oregon Rules of Civil Procedure govern habeas corpus actions. *Bedell*, 307 Or at 565. Our review of a dismissal under ORS 34.370(6) is similar to review of an ORCP 21 motion, in which we assume the truth of plaintiff's allegations and draw all reasonable inferences in plaintiff's favor. *Weidner*, 124 Or App at 316-17. Because no return or replication was filed, we look only to plaintiff's petition to determine whether he alleged sufficient facts to state a claim for relief under ORS 34.362. *Id*. at 317.[2]

---

[1] ORS 34.370(3) provides:

"Entry of a judgment under subsection (2)(b)(A) or subsection (6) of this section shall be without prejudice. *The judgment shall explain to the parties the reason for the denial*." (Emphasis supplied.)

[2] *See also Billings v. Gates*, 133 Or App 236, 240, 890 P2d 995 (1995), *aff'd on other grounds* 323 Or 167, 916 P2d 291 (1996) (consideration of defense witness' affidavit was erroneous in dismissing petition as meritless under ORS 34.360(2)(b)(A)).

A habeas corpus petition alleging a deprivation of rights or challenging the conditions of confinement must

> "[s]tate facts in support of a claim that the person is deprived of a constitutional right that requires immediate judicial attention and for which no other timely remedy is practicably available to the plaintiff." ORS 34.362(2).

Claims of inadequate medical care are brought under the "cruel and unusual punishment" provisions of Article I, section 16, of the Oregon Constitution, and the Eighth Amendment to the United States Constitution.[3]

To prevail under the Eighth Amendment, plaintiff must show "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 US 97, 106, 97 S Ct 285, 50 L Ed 2d 251 (1976). In *Billings v. Gates*, 323 Or 167, 916 P2d 291 (1996), the Oregon Supreme Court adopted the Eighth Amendment standard as appropriate to habeas corpus claims under Article I, section 16. *Id.* at 180. To state a cognizable claim under Article I, section 16, plaintiff must allege that he "has a serious medical need that has not been treated in a timely and proper manner and that prison officials have been deliberately indifferent to the prisoner's serious medical needs." *Id.* at 180-81 (citing *Estelle*, 429 US at 106).

> "A medical condition is serious when, if untreated, it would have a significant adverse effect on an inmate's daily activities, resulting in substantial and recurring pain or discomfort, or would create a significant risk of permanent disability or death." *Billings*, 323 Or at 181.

In *Billings*, the plaintiff alleged that his high arches caused him so much pain he could not walk. The Supreme Court held that to be a serious medical need. *Id.* at 182. Here, plaintiff alleges that he suffers from a mental illness that has prompted several suicide attempts, a more serious health risk than alleged in *Billings*. These allegations, if true,

---

[3] Article I, section 16, of the Oregon Constitution, provides, in part:

"Cruel and unusual punishments shall not be inflicted, but all penalties shall be proportioned to the offense."

The Eighth Amendment to the U.S. Constitution provides:

"Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

clearly establish the existence of a serious medical need which, if untreated, would create a significant risk of permanent disability or death.

■ It is less clear whether plaintiff has alleged facts showing a deliberate indifference to that need. Deliberate indifference

"constitutes the unnecessary and wanton infliction of pain, whether the indifference is manifested by prison doctors in their response to a prisoner's serious medical needs or by prison guards in intentionally denying or delaying access to medical care, or in intentionally interfering with prescribed treatment." 323 Or at 181.

In *Billings*, the petition alleged that a prison doctor who had diagnosed the plaintiff with "high arches" told the plaintiff that prison shoes had no arch supports and that without arch supports the plaintiff would suffer so much pain he would be unable to walk. 323 Or at 182. The petition further alleged that prison officials refused to provide the plaintiff with arch supports, even though they knew that he was indigent and could not afford the supports available in the prison commissary. *Id*. The Supreme Court held these allegations sufficient to state a claim of deliberate indifference. *Id*.

Here, plaintiff alleges that he suffers from a mental illness, that he has attempted suicide several times due to that illness and that he has been denied treatment because of the prison psychiatrist's conclusion that "there is nothing wrong" and that plaintiff is merely "acting out." The petition further alleges that a therapist at the Mental Health Treatment Unit at the Oregon State Hospital interviewed plaintiff and found that he meets "the clinical admission criteria for the MHT Unit."

■ Although plaintiff alleges that the prison psychiatrist examined him and found no mental health problems, his petition nonetheless states facts, which, if true, dispute the accuracy of that diagnosis. As the Supreme Court said in *Billings*, the " 'deliberate indifference' standard is not intended to insulate prison staff from judicial scrutiny of decisions made in the course of diagnosing and treating prison inmates." 323 Or at 181. Despite the psychiatrist's conclusions, plaintiff alleges symptoms of someone suffering from

mental illness—*i.e.*, continued suicide attempts, cutting his wrists and banging his head against a cell wall. He also alleges that other mental health professionals employed by the state consider him a candidate for psychological treatment. *See Keenan v. Maass*, 138 Or App 576, 583, 911 P2d 331 (1996) (plaintiff alleged facts in form of other dentists' diagnoses disputing prison dentist's expert opinion). We conclude that plaintiff has stated a claim for habeas corpus relief under the Article I, section 16, standard of "deliberate indifference to serious medical needs."[4]

■ We acknowledge that the *Billings* court, in *dictum*, cautioned that "an inmate ultimately will fail to prove an Article I, section 16, violation if the inmate establishes nothing more than an honest difference of medical opinion about correct diagnosis and necessary treatment." 323 Or at 181. However, what an inmate must "ultimately prove" is not applicable to his or her burden at the pleading stage.[5] In order to survive a *sua sponte* motion to dismiss under ORS 34.370(6), plaintiff need only *allege* sufficient facts to state a claim. As in *Billings*, we do not decide whether the evidence ultimately will support a claim for relief, but only that the trial court should not have denied this petition on the pleadings alone. 323 Or at 182.

Reversed and remanded.

---

[4] Because we conclude that plaintiff stated a claim for relief under Article I, section 16, we do not reach his claim under the Eighth Amendment.

[5] Furthermore, by claiming continued symptoms of mental illness, plaintiff has alleged more than "an honest difference of medical opinion."