MARVIN LEE TAYLOR,
*Plaintiff-Appellant,*

*v.*

Collette PETERS,
Director,
Oregon Department of Corrections,
*Defendant-Respondent.*

Marion County Circuit Court
13C21251; A155794

361 P3d 54

Jed Peterson argued the cause and filed the brief for appellant.

Shannon T. Reel, Assistant Attorney General, argued the cause for respondent. On the briefs were Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Tiffany Keast, Assistant Attorney General.

Before Duncan, Presiding Judge, and Lagesen, Judge, and Flynn, Judge.

LAGESEN, J.

## LAGESEN, J.

Plaintiff appeals from a judgment dismissing with prejudice[1] his petition for a writ of habeas corpus under ORS 34.310.[2] Plaintiff is an Oregon inmate incarcerated in Colorado pursuant to the Western Interstate Corrections Compact (WICC), ORS 421.282 to 421.294. According to the allegations in the petition, plaintiff is confined under conditions in which other prisoners are "continually" throwing feces and urine into his cell. Those conditions, plaintiff alleges, violate his rights under the Eighth and Fifth Amendments to the United States Constitution and Article I, sections 13 and 10, of the Oregon Constitution.[3] Plaintiff seeks relief from those conditions through a writ of habeas corpus under ORS 34.310, directing defendant, the Director of the Oregon Department of Corrections (ODOC)—plaintiff's legal custodian—to remove him from those conditions.[4] The

---

[1] The judgment is captioned "GENERAL JUDGMENT OF DISMISSAL WITHOUT PREJUDICE," but the body of the judgment reflects that the trial court dismissed plaintiff's petition "WITH PREJUDICE." Accordingly, we treat the trial court's judgment as a dismissal with prejudice. *See State v. Larrance,* 256 Or App 850, 851, 302 P3d 481 (2013) (treating body of judgment as controlling over conflicting caption).

[2] ORS 34.310 provides:

"The writ of habeas corpus ad subjiciendum is the writ designated in ORS 34.310 to 34.730, and every other writ of habeas corpus is abolished. Every person imprisoned or otherwise restrained of liberty, within this state, except in the cases specified in ORS 34.330, may prosecute a writ of habeas corpus to inquire into the cause of such imprisonment or restraint, and if illegal, to be delivered therefrom."

[3] The petition also alleges that plaintiff's conditions of confinement violate provisions of the WICC. However, we focus on plaintiff's constitutional claims, because, although the director has not raised the issue, we have questions regarding whether the alleged WICC violation may be addressed in a habeas corpus proceeding. By its terms, ORS 34.362 permits an inmate to seek a writ of habeas corpus to redress deprivations of *constitutional* rights. ORS 34.362(2). It does not, by its terms, provide a remedy for violations of statutory rights. The parties remain free to address this issue further on remand.

[4] The trial court judgment indicates that the court may have misinterpreted plaintiff's due process allegations. In the judgment, the court identified plaintiff's due process allegations as asserting a "constitutional right to incarceration in a[] particular state or transfer to another institution." Then, citing *Olim v. Wakinekona,* 461 US 238, 245, 103 S Ct 1741, 75 L Ed 2d 813 (1983), the court denied relief based on its conclusion that "interstate transfer between institutions does not deprive an inmate of any liberty interest protected by the Due Process Clause." Had plaintiff alleged that the transfer itself violated due process, the trial court's ruling would have been correct. However, it is apparent from plaintiff's petition that that is not what plaintiff alleged. Instead, plaintiff

director filed a motion to deny plaintiff's petition, and the trial court granted that motion, accepting the director's arguments that the petition was not proper because the director did not have physical custody of plaintiff or control over his conditions of confinement in Colorado, and because plaintiff did not adequately allege a constitutional deprivation requiring immediate judicial attention.[5]

We review for legal error, *Barrett v. Williams*, 247 Or App 309, 311, 270 P3d 285 (2011) (citing *Moser v. Mark*, 223 Or App 52, 54, 195 P3d 424 (2008)), and reverse. Under *Billings v. Gates*, 133 Or App 236, 243, 890 P2d 995 (1995), *aff'd on other grounds*, 323 Or 167, 916 P2d 291 (1996), and *Bedell v. Schiedler*, 307 Or 562, 569, 770 P2d 909 (1989), plaintiff has sufficiently alleged the need for immediate judicial attention under ORS 34.362(2).[6] And, under *Barrett v. Peters (A155789)*, 274 Or App 237, 360 P3d 638 (2015), plaintiff was entitled to seek habeas corpus relief in Oregon, notwithstanding his incarceration in Colorado, and plaintiff properly named the director as the defendant.

---

alleged that "ODOC's deliberate indifference to plaintiff's dangerous and harmful living situation" violated his due process rights. Plaintiff requested that the court issue the writ ordering the director to transfer plaintiff *as a remedy* for the alleged ongoing violation of his due process rights.

[5] On appeal, the director also argues, for the first time, that plaintiff failed to adequately allege that "no other timely remedy is practicably available," ORS 34.362(2), because plaintiff "can obtain relief * * * such as a civil rights action under 42 USC § 1983." That contention was not raised before the trial court, and we will not consider it on appeal. *Outdoor Media Dimensions Inc. v. State of Oregon*, 331 Or 634, 659-60, 20 P3d 180 (2001). Had the director raised that argument below, plaintiff may have been able to amend the petition under ORCP 23 to make the necessary allegations. Additionally, we note that the Supreme Court's decision in *Tarver v. Cupp*, 300 Or 154, 156, 707 P2d 572 (1985), would appear to foreclose that argument. In *Tarver*, the Supreme Court concluded that the availability of another "timely remedy" under ORS 34.362(2) refers solely "to timely remedies available under Oregon law." *Id.* It does "not mean remedies available in federal courts for failure of Oregon to live up to federal standards." *Id.*

[6] ORS 34.362 provides, in relevant part:

"If the person is imprisoned or restrained by virtue of any order, judgment or process specified in ORS 34.330 and the person challenges the conditions of confinement or complains of a deprivation of rights while confined, the petition shall:

"* * * * *

"(2) State facts in support of a claim that the person is deprived of a constitutional right that requires immediate judicial attention and for which no other timely remedy is practicably available to the plaintiff."

As to whether plaintiff's petition sufficiently alleged the deprivation of a constitutional right that requires immediate judicial attention, we conclude that the allegations in the petition are sufficient to overcome defendant's motion to deny. Allegations of a constitutional deprivation that results in "a serious, immediate, and ongoing health hazard" are sufficient to meet the "immediate judicial attention" requirement under ORS 36.362(2). *Billings*, 133 Or App at 243; *see also Bedell*, 307 Or at 569-70 (replication sufficient to overcome a motion to dismiss when it "alleges that the environment in which [the plaintiff] is confined unnecessarily subjects her to serious health hazards"). Here, assuming the truth of all the allegations in the petition and giving plaintiff the benefit of all favorable inferences that may be drawn from them—as we must on a motion to deny, *Williams*, 247 Or App at 311—plaintiff has adequately alleged that he is confined in an environment that subjects him to serious health hazards. The petition alleges that other inmates continuously "throw feces and urine into [plaintiff's] cell," and that both Colorado and Oregon correctional staff have done nothing to prevent that from continuing to happen. We are satisfied that those allegations alone sufficiently allege a serious, immediate, and ongoing health hazard, and, thus, a constitutional deprivation requiring immediate judicial attention. *See McCray v. Burrell*, 516 F2d 357, 369 (4th Cir 1975) (prisoner being placed in an excrement-encrusted cell constitutes Eighth Amendment violation).

With respect to the director's contention that plaintiff has no right to an Oregon state habeas action by virtue of his physical incarceration in Colorado, those arguments are foreclosed by our recent decision in *Peters*. In *Peters*, we concluded that, notwithstanding the fact that the plaintiff was incarcerated in Florida pursuant to the Interstate Corrections Compact (ICC), the plaintiff retained the right to be incarcerated under conditions that met the constitutional standards to which he would be entitled if he were incarcerated in Oregon; that the plaintiff retained the right to seek habeas corpus relief in Oregon under ORS 34.310 to redress any constitutional deficiencies in his conditions of confinement in Florida; and that the director of ODOC, which had legal custody of the plaintiff, was a proper defendant in a habeas action brought by an Oregon inmate

incarcerated outside of the state pursuant to the ICC. 274 Or App at 240. Under *Peters*, the trial court here was wrong to conclude that defendant's lack of physical custody and control over plaintiff's conditions of confinement in Colorado required dismissal of the petition.

Although *Peters* involved an inmate transferred under the ICC, not the WICC, that fact makes no difference. The ICC and the WICC are, for all practical purposes, identical. Both of those compacts were created pursuant to a 1934 grant of authority from Congress that authorized states "to enter into agreements or compacts for cooperative effort and mutual assistance in the prevention of crime and in the enforcement of their respective criminal laws and policies * * *." Pub L 293, ch 406, 48 Stat 909 (1934). Pursuant to that grant of authority, in the late 1950s, western states created the WICC to provide for interstate use of their correctional facilities, Mitchell Wendell, *Multijurisdictional Aspects of Corrections*, 45 Neb L Rev 520, 525-26 (1966), and the Oregon Legislature then enacted the WICC in 1959, Or Laws 1959, ch 290. The WICC later became the model for the ICC, a national interstate corrections compact. Tape Recording, House Committee on Judiciary, HB 2070, Feb 2, 1979, Tape 6, Side 1 (statement of Dennis Bromka, Legal Counsel to Judiciary Committee) (identifying the ICC as a "uniform law" with essentially the same wording as the WICC). Consistent with that model, in 1979, the legislature adopted the wording from the WICC when enacting the ICC. Or Laws 1979, ch 486.[7]

---

[7] Both the WICC and the ICC provide that a state that houses an Oregon inmate pursuant to either statute acts "solely as agent" of Oregon. ORS 421.284, WICC Art IV, § a; ORS 421.245, ICC Art IV, § 1. Additionally, under both statutes, the inmate remains "at all times * * * subject to the jurisdiction of" Oregon and "may at any time be removed [from the receiving state] for transfer to a prison or other institution within" Oregon or any other state with which Oregon has a contractual right to house inmates. ORS 421.284, WICC Art IV, § c; ORS 421.145, ICC Art IV, § 3. The inmate retains all rights that the inmate would have had if incarcerated in Oregon: "The fact of confinement in a receiving state shall not deprive any inmate so confined of any legal rights which said inmate would have had if confined in an appropriate institution of the sending state." ORS 421.284, WICC Art IV, § e; ORS 421.245, ICC Art IV, § 5. The inmate also retains all rights "to participate in * * * any action or proceeding in which the inmate could have participated if confined in any appropriate institution of the sending state located within such state." ORS 421.284, WICC Art IV, § h; ORS 421.245, ICC Art IV, § 8.

Based on the identical nature of the ICC and the WICC, and consistent with *Peters*, we conclude that (1) plaintiff did not lose his right to be incarcerated under conditions that comply with constitutional standards by virtue of his transfer to Colorado pursuant to the WICC; (2) plaintiff did not lose the right to petition for habeas corpus relief in Oregon by virtue of his transfer to Colorado pursuant to the WICC; and (3) plaintiff alleged sufficient facts to establish that he properly named the director as the defendant in this habeas corpus proceeding by alleging that he was in the custody of ODOC, but housed out of state under the WICC. We therefore reverse and remand for further proceedings consistent with this opinion.

Reversed and remanded.