460 October 20, 2016 No. 67

IN THE SUPREME COURT OF THE
STATE OF OREGON

MARVIN LEE TAYLOR,
*Respondent on Review,*

*v.*

Colette PETERS,
Director,
Oregon Department of Corrections,
*Petitioner on Review.*

(CC 13C21251; CA A155794; SC S063763)

En Banc

On review from the Court of Appeals.*

Argued and submitted June 14, 2016.

Jona J. Maukonen, Assistant Attorney General, Salem, argued the cause and filed the briefs for petitioner on review. Also on the briefs were Ellen F. Rosenblum, Attorney General, and Paul L. Smith, Deputy Solicitor General.

Jed Peterson, O'Connor Weber LLP, Portland, argued the cause and filed the brief for respondent on review.

WALTERS, J.

The decision of the Court of Appeals is affirmed. The judgment of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings.

_____
  * Appeal from Marion County Circuit Court, Courtland Geyer, Judge. 274 Or App 477, 361 P3d 54 (2015).

**WALTERS, J.**

Petitioner is an Oregon inmate who was convicted, sentenced, and incarcerated in Oregon, but who is now confined in Colorado pursuant to the Western Interstate Corrections Compact (WICC), ORS 421.284. Petitioner appeals from a judgment dismissing with prejudice his petition for a writ of habeas corpus under ORS 34.310. As in *Barrett v. Peters*, 360 Or 445, __ P3d __ (2016), decided today, this case presents the question whether petitioner's transfer and confinement out of state prohibits him from bringing a habeas claim in Oregon. We conclude, as we did in *Barrett v. Peters*, that it does not. *Id*. at 445. We affirm the decision of the Court of Appeals, *Taylor v. Peters*, 274 Or App 477, 480, 361 P3d 54 (2015), and reverse the contrary judgment of the circuit court.

Petitioner filed a petition for habeas corpus under ORS 34.310 and ORS 34.362, naming the Director of the Oregon Department of Corrections (ODOC) as the defendant. Petitioner alleged that defendant had violated and is violating his constitutional rights by transferring him to and knowingly continuing to confine him in Colorado under conditions in which other prisoners are "continually" throwing feces and urine into his cell. Specifically, petitioner alleged that those dangerous living conditions violate his rights under the Eighth and Fifth Amendments to the United States Constitution, as well as Article I, sections 13 and 10, of the Oregon Constitution. Before the trial court, defendant moved to "deny" petitioner's petition. The state[1] argued that the director was not a proper defendant because she did not have physical custody of petitioner and because she did not control the conditions of confinement in Colorado. The state also argued that petitioner had not adequately alleged a constitutional deprivation requiring immediate judicial attention. The trial court agreed with the state on both grounds and dismissed the petition with prejudice.

Petitioner appealed to the Court of Appeals, and that court reversed the decision of the trial court. *Taylor*, 274 Or App at 480. The court concluded that petitioner

---

[1] Throughout the remainder of this opinion, we will refer to defendant, the Director of ODOC, as "the state."

had sufficiently alleged the deprivation of a constitutional right requiring immediate judicial attention because he had alleged that he was confined in an environment that subjected him to serious health hazards. *Id*. at 481. The court further concluded that the state's contention that petitioner has no right to an Oregon state habeas action by virtue of his physical incarceration in Colorado was foreclosed by the court's decision in *Barrett v. Peters*, 274 Or App 237, 242, 360 P3d 638 (2015). The court reasoned that, although that case had involved an inmate transferred under the Interstate Corrections Compact (ICC), and not the WICC, those compacts are, "for all practical purposes, identical." *Taylor*, 274 Or App at 482. The state sought review in this court, raising essentially the same three issues that it raised on review in *Barrett v. Peters*, also decided today: (1) whether Oregon law permits an inmate confined outside of Oregon pursuant to the WICC to file a petition for a writ of habeas corpus in Oregon; (2) whether petitioner alleged cognizable habeas corpus claims when he contested the conditions of confinement in Colorado; and (3) whether petitioner properly named the director as the defendant in this case. 360 Or at 445. The state did not seek review of the Court of Appeals' determination that petitioner had sufficiently alleged the deprivation of a constitutional right requiring immediate judicial attention. This court allowed review.

The only material difference between this case and *Barrett v. Peters* is that petitioner in this case was transferred to Colorado pursuant to the WICC, ORS 421.284, instead of the ICC, ORS 421.245. *Id*. at 445. Those compacts are identical, with the exception of the provisions addressing the states and territories that are parties to the compacts. The Oregon Legislative Assembly enacted the WICC in 1959, Or Laws 1959, ch 290, and the WICC later became the model for the ICC, which was enacted in 1979, Or Laws 1979, ch 486. Because the ICC and WICC are identical, for the purposes of the issues raised in this case, we conclude, applying *Barrett v. Peters*, that (1) inmates incarcerated outside of Oregon as the result of transfer under the WICC are permitted to file claims for habeas corpus in Oregon; (2) petitioner alleged cognizable constitutional violations; and (3) the Director of the ODOC is the proper defendant

in petitioner's habeas petitions. Those conclusions require that we remand this case to the circuit court for further proceedings.

The decision of the Court of Appeals is affirmed. The judgment of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings.