Submitted May 27, reversed and remanded July 22, 2020

DAVID R. DURHAM,
*Plaintiff-Appellant,*

*v.*

Garrett LANEY,
Superintendent,
Oregon State Correctional Institution;
R. Briones, Asst. Supt. State Penitentiary;
G. Long, Asst. Supt.
Oregon State Correctional Institution,
*Defendants-Respondents.*

Marion County Circuit Court
19CV16996; A171270

471 P3d 818

Plaintiff, an inmate currently housed at the Oregon State Correctional Institution (OSCI), petitioned for a writ of habeas corpus, alleging that defendants have denied him constitutionally adequate medical treatment for his post-traumatic stress disorder, anxiety, depression, and an uncontrolled bowel and vomiting condition. Plaintiff alleged that, despite knowing that plaintiff's accommodations were deemed medically necessary by multiple medical professionals, defendants suspended all treatment without explanation. Defendants, the superintendent of OSCI and two other prison officials, moved to deny the petition on the ground that the petition failed to state a claim for relief, and the trial court granted the motion. On appeal, plaintiff assigns error to that denial. *Held*: The trial court erred. When construed in the light most favorable to plaintiff, as required by the standard of review, the petition alleged that defendants were aware that plaintiff has serious medical needs and elected not to provide him with treatment long viewed as necessary and proper, resulting in a significant adverse effect on plaintiff's daily activities.

Reversed and remanded.

Courtland Geyer, Judge.

Jedediah Peterson and O'Connor Weber LLC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and E. Nani Apo, Assistant Attorney General, filed the brief for respondents.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

LAGESEN, P. J.

Reversed and remanded.

## LAGESEN, P. J.

Plaintiff, an inmate currently housed at the Oregon State Correctional Institution (OSCI), petitioned for a writ of habeas corpus, alleging that defendants have denied him constitutionally adequate medical treatment for his post-traumatic stress disorder (PTSD), anxiety, depression, and an uncontrolled bowel and vomiting condition. Defendants, the superintendent of OSCI and two other prison officials, moved to deny the petition on the ground that the petition failed to state a claim for relief, and the trial court granted the motion.[1] On appeal, we conclude that plaintiff's petition sufficiently states a claim upon which habeas corpus relief may be granted. Accordingly, we reverse.

We review to determine whether the allegations in the petition are legally sufficient to state a claim "assuming the truth of all the allegations in the petition and giving plaintiff the benefit of all favorable inferences that may be drawn from them—as we must on a motion to deny." *Taylor v. Peters*, 274 Or App 477, 481, 361 P3d 54 (2015), *aff'd*, 360 Or 460, 383 P3d 279 (2016). We state the facts in accordance with that standard, drawing them from the petition and viewing them in plaintiff's favor.

According to the petition, plaintiff is a 66-year-old inmate with physical and psychological disabilities. Before November 2018, he was incarcerated at the Oregon State Penitentiary (OSP). There, plaintiff had access to medically necessary "mental health programs, therapeutic aids, and services," which included access to medication for his psychological condition, auxiliary aids (cassette tapes for managing plaintiff's PTSD), weekly counseling sessions, and housing in a single cell to accommodate plaintiff's bowel and vomiting condition and PTSD. OSP had been addressing plaintiff's medical needs for over 10 years.

In response to plaintiff's investigation into OSP's suspected interference with its inmates' legal appeals preparations, plaintiff was transferred to OSCI in November 2018. Upon his transfer to OSCI, he "was immediately stripped of

---

[1] The trial court adopted the arguments and authority cited in defendants' motion in explaining its decision.

all medications, all physical aids, all psychological services-programs, weekly [PTSD] counseling, one on one counseling, [and] single cell living due to phobia of living close to people." Instead of a single cell, plaintiff was housed in a dorm setting with other inmates. One of the aids prescribed to manage plaintiff's PTSD is a cassette player with audio-tapes, but he was not allowed to have that aid at OSCI. His first night at OSCI, he "experienced severe medication with-drawal," requiring emergency medical assistance.

In the days following that incident, OSCI's Health Services told plaintiff that all of his medical needs and accommodations would be reevaluated. An OSCI doctor informed him that "OSCI does not have the necessities to provide for [you]." The doctor indicated that he would order a single cell to accommodate plaintiff's needs but explained that that order would require approval from several OSCI officials. Plaintiff learned several days later that the requested approval was denied. He sent a detailed list of his other special needs to Health Services as well, and he never received a response. Other inmates at OSCI are housed in single cells and allowed to have audio players.

Since plaintiff's transfer to OSCI, he has not had access to his psychological medication or mental health pro-grams. His physical and mental health have deteriorated: He is "losing the ability to communicate to others" and "is becoming disoriented." He suffers from "fear, inability to sleep, [and inability to] eat," and OSCI's psychiatrist has diagnosed him as "decompensating." On at least one occa-sion, plaintiff publicly soiled himself due to OSCI's refusal to accommodate his medical conditions. This severely aggravated plaintiff's depression to the extent that plain-tiff entered "a zombie-state lasting for over a week" leav-ing plaintiff with "[n]o recollection of anything, complete[ly] blacked-out."

On appeal, the issue before us is whether, when con-strued liberally in plaintiff's favor, the petition "fails to state a claim upon which habeas corpus relief may be granted." ORS 34.370(7). To state a cognizable claim that a deprivation of medical care is unconstitutional under Article I, section 16, of the Oregon Constitution and the Eighth Amendment

to the United States Constitution, plaintiff was required to allege facts showing that he "has a serious medical need that has not been treated in a timely and proper manner and that prison officials have been deliberately indifferent to the prisoner's serious medical needs." *Billings v. Gates*, 323 Or 167, 180-81, 916 P2d 291 (1996) (adopting, for purposes of Article I, section 16, the Eighth Amendment standards articulated in *Estelle v. Gamble*, 429 US 97, 106, 97 S Ct 285, 50 L Ed 2d 251 (1976)).

Beginning with whether plaintiff has sufficiently alleged that he has a serious medical need, we agree that he has. "A medical condition is serious when, if untreated, it would have a significant adverse effect on an inmate's daily activities, resulting in substantial and recurring pain or discomfort, or would create a significant risk of permanent disability or death." *Billings*, 323 Or at 181. Both physical conditions and mental health conditions can constitute the type of serious conditions that implicate an inmate's rights under Article I, section 16, and the Eighth Amendment. *Villarreal v. Thompson*, 142 Or App 29, 32-33, 920 P2d 1108 (1996) (concluding that allegations about the plaintiff's mental health condition "clearly establish the existence of a serious medical need"). Here, plaintiff alleges that several daily activities—including eating, sleeping, communicating, and using the restroom—have been adversely affected by plaintiff's untreated conditions. And defendants do not appear to dispute that plaintiff's medical needs, as alleged, are serious ones for purposes of Article I, section 16, and the Eighth Amendment.

Plaintiff also sufficiently alleges that those serious medical needs have "not been treated in a timely and proper manner." According to the allegations, OSCI officials simply stopped treating those needs, in a way that caused plaintiff to decompensate and suffer other significant health consequences, notwithstanding the facts that plaintiff's need for treatment has been established for more than 10 years and that the needed treatment was provided to plaintiff for more than 10 years while he was housed at OSP.

Finally, plaintiff has sufficiently alleged facts showing that defendants are being deliberately indifferent to his

serious medical needs. According to the petition, when construed liberally in plaintiff's favor, plaintiff's treatments and accommodations were deemed medically necessary by multiple medical professionals and had been provided to him for 10 years or more and, although defendants knew about his medical conditions and the treatment long deemed necessary, defendants suspended all treatment without any explanation beyond an assertion that plaintiff's medical needs were being reevaluated. These facts, if proved, would allow the inference that defendants are aware that plaintiff has serious medical needs and are intentionally electing not to provide him with treatment long viewed as necessary and proper.

In arguing for a contrary result, defendants narrowly focus their argument on plaintiff's allegation that they have failed to provide him with a single cell. They contend that plaintiff

"alleged only that [defendants] refused to house him in a single cell so that he could 'manage' his symptoms—meaning, presumably, that he could use the restroom whenever he needed to. That allegation does not state sufficient facts to allege that the OSCI officials denied or delayed access to medical care."

We disagree with defendants' narrow characterization of plaintiff's habeas corpus petition and his arguments on appeal.[2] Plaintiff alleged that he has not been provided with a number of necessary treatments and accommodations, including medication, mental health counseling, an audio player to treat his PTSD, and a single cell to manage his uncontrolled bowel condition and PTSD. When we consider the allegations in the petition as a whole in the light most favorable to plaintiff, as our standard of review requires us to do, those allegations do not merely allege that plaintiff

---

[2] Although plaintiff's brief on appeal focuses on his uncontrolled bowel condition and corresponding request for single cell housing, we do not understand plaintiff to have abandoned his allegations regarding his other medical needs; the brief on appeal also points to those other allegations and asserts that those allegations, when viewed under the standard established in *Billings*, state a claim. In any event, the applicable standard of review requires us to consider the allegations in the petition as a whole to assess whether those allegations state a claim under Article I, section 16, and the Eighth Amendment.

has been denied a single cell; they allege that plaintiff has a number of serious medical conditions for which needed, long-term treatment was abruptly stopped. Thus, contrary to defendants' arguments on appeal, the petition does allege that defendants are not providing plaintiff with necessary medical treatment and does not merely allege that defendants are failing to provide him with a single cell.

For the foregoing reasons, plaintiff's allegations are legally sufficient to support a claim for medical habeas relief, and we must reverse the grant of defendants' motion to deny, and remand for further proceedings so that the parties can develop the evidence related to plaintiff's allegations.

Reversed and remanded.