Submitted on record and briefs October 9, reversed and remanded
November 29, 1995

## LARRY R. CLARK,
*Appellant,*

*v.*

## Edward L. GATES,
Superintendent,
Snake River Correctional Institution,
*Respondent.*

## (94-05-26474-M; CA A84670)

906 P2d 863

David W. Knofler and Multnomah Defenders, Inc., filed the brief for appellant.

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Stephanie L. Striffler, Assistant Attorney General, filed the brief for respondent.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

HASELTON, J.

## HASELTON, J.

Plaintiff appeals from the judgment dismissing his petition for a writ of *habeas corpus*. ORS 34.710; ORS 34.370(2)(b)(A). We reverse and remand.

Our disposition rests, in material part, on the relationship between two separate *habeas corpus* proceedings plaintiff initiated. In December 1993, plaintiff, an inmate at the Snake River Correctional Institution, filed a petition for *habeas corpus* (Case No. 93-12-26072-M), which alleged:

"Petitioner is a 54 year old man, who has had tension headaches for over 45 years, and upon arrival here at Snake River 16 months ago, was put on Motrin #800, which helped a little, then to be taken off the Motrin, to be told of the side effects. When the Petitioner grieved this, (enclosed), he was told he would resume taking the Motrin.

"This was November 11, 1993, and still the Petitioner has not been given his Motrin for his bad headaches. This continual pain is causing hardship on the Petitioner, making his time both painful and cruel, and is being denied his rights to proper medical treatment.

"The nurse told the Petitioner 3 weeks ago, that he had to see a psychologist in a few days? Still nothing..."

The trial court issued an order directing defendant to show cause why the writ should not be allowed, and defendant responded to that order. Thereafter, in December 1993, the trial court dismissed the petition in Case No. 93-12-26072-M, pursuant to ORS 34.370(2)(b)(A).[1] That dismissal was *without prejudice*. ORS 34.370(3).[2]

---

[1] ORS 34.370 provides, in part:

"(2) Upon issuance of a show cause order under subsection (1) of this section, the following shall apply:

"(a) The judge shall order that the defendant appear in writing in opposition to the issuance of the writ as soon as is practicable and not more than 14 days from the date that the show cause order issues.

"(b) The judge shall rule on the show cause order within seven days after either the defendant files a written appearance in opposition or the appearance period expires, whichever comes first. Upon making a ruling, the judge shall do one of the following, as appropriate:

"(A) If the petition is a meritless petition brought under 34.362, issue a judgment denying the petition."

[2] ORS 34.370(3) provides:

"Entry of a judgment under subsection (2)(b)(A) or subsection (6) of this

In 1994, plaintiff filed the petition the dismissal of which is the subject of this appeal. That petition (Case No. 94-05-26474-M) alleged:

> "Petitioner is being denied proper medical treatment, which is getting worse, being without any medication for his headaches, which the Petitioner filed on, but was given ineffective counsel, who wouldn't even address the issues presented by Snake River Corrections. Information that was not available when the Petitioner filed his first Habeas Corpus, is attached, to show that the petitioner has had a chronic, lifelong headache, not psychological, or mental, but physical. *Because the Petitioner was not granted Habeas Corpus Relief, the Medical Department refuses to even talk to the Petitioner on his chronic headaches, which is cruel and unusual punishment, when not only is the petitioner being denied his liberty, but now has to suffer without proper medical treatment, and is in constant pain.*" (Emphasis supplied.)

In support of his allegations, plaintiff attached and incorporated by reference certain medical records. The trial court issued an order to show cause, and defendant responded, asserting that: 1) the nonemphasized allegations of the petition were barred by *"res judicata"* (claim preclusion) under ORS 34.710[3]; and 2) the emphasized allegations of the 1994 petition, which pertained to matters occurring after the dismissal of the 1993 petition, were without merit. In support of its response, the state submitted four exhibits: the petition in Case No. 93-12-26072-M; defendant's response to the order to show cause in that case; the court's order dismissing the petition in that case; and an affidavit by Lanny Ryals, R.N., averring that plaintiff's allegations pertaining to matters occurring after the dismissal of the 1993 petition were without merit.

---

section shall be without prejudice. The judgment shall explain to the parties the reason for the denial."

[3] ORS 34.710 provides:

"Any party to a proceeding by habeas corpus, including the state when the district attorney appears therein, may appeal from the judgment of the court refusing to allow such writ or any final judgment therein, either in term time or vacation, in like manner and with like effect as in an action. No question once finally determined upon a proceeding by habeas corpus shall be reexamined upon another proceeding of the same kind."

The trial court dismissed the petition, and entered judgment in favor of defendant:

> "In this Petition, [plaintiff] contends that he is being denied proper medical treatment for chronic, life-long headaches which he alleges is cruel and unusual punishment. The same issues were raised by Plaintiff in case No. 93-12-26072-M. In that case, the Honorable F. J. Yraguen entered an Order Dismissing the Writ of Habeas Corpus pursuant to ORS 34.370(2)(b)(A).[4] Judge Yraguen set forth his reasoning for dismissing the Writ in an Opinion issued in that case. Petitioner [plaintiff] in this proceeding alleges that there is new information that was not available when the Petitioner filed his first Writ of Habeas Corpus and attaches such information to his Petition filed with this Court. After reviewing the material submitted by Petitioner as well as that submitted by the Respondent, it is clear that the information submitted by Petitioner is neither new nor different than that submitted to the Court in Case No 93-12-26072-M. Petitioner is simply seeking to relitigate the same issues that were raised in the previous Petition for Writ of Habeas Corpus. I find this to be a meritless Petition. ORS 34.360(5)."[5]

Thus, in dismissing the petition, the court relied, at least in part, on defendant's evidentiary submissions. It is also apparent, from the court's reference to ORS 34.360(5), that the dismissal ultimately rested on considerations of claim preclusion.

Plaintiff argues that the dismissal was erroneous for three reasons. First, the court's reference to, and reliance on, factual materials extrinsic to the pleadings was improper in

---

[4] As noted previously, 138 Or App at 162, Judge Yraguen's order dismissed the *petition*, not the writ of *habeas corpus* after defendant responded to an order to show cause, pursuant to ORS 34.370(2)(b)(A). Indeed, a writ never issued in the 1993 proceeding.

[5] ORS 34.360 provides, in part:

"If the challenge is to the authority for confinement, the petition shall state, in substance:

"* * * * *

"(5) That the claim has not already been adjudged upon a prior writ of habeas corpus, to the knowledge or belief of the petitioner."

Plaintiff here is not challenging the "authority for confinement," but a deprivation of a constitutional right. However, ORS 34.362(1) mandates that such petitions comply with requirements of ORS 34.360(5).

this context. In particular, plaintiff contends that, in determining whether a petition should be dismissed under ORS 34.370(2)(b), the trial court cannot refer to extrinsic materials but is limited, instead, to reviewing the facial sufficiency of the pleadings. *Billings v. Gates*, 133 Or App 236, 240-41, 890 P2d 995, *rev allowed* 321 Or 512 (1995). Thus, plaintiff reasons, the court could not refer to the pleadings and disposition in Case No. 93-12-26072-M in determining whether the present petition was precluded. Second, plaintiff asserts that, even if the court could refer to the 1993 pleadings and judgment, claim preclusion would not apply to his "new" allegations (*i.e.*, the emphasized language of the 1994 petition, quoted above), pertaining to conduct after the dismissal of the 1993 petition. Third, plaintiff asserts, again invoking *Billings*, that the court's consideration of the Ryals affidavit, in dismissing his new allegations, was improper.

■■ Defendant acknowledges that plaintiff's new allegations are not barred by claim preclusion. Most simply, the judgment dismissing the 1993 petition cannot preclude allegations of conduct occurring thereafter. Defendant also acknowledges that, under *Billings*, the state's submission of the Ryals affidavit was premature, and the court's reliance on that affidavit was error.[6] Thus, the court's dismissal of plaintiff's allegations pertaining to conduct occurring after the dismissal of the 1993 petition was erroneous.

■ The issue reduces, then, to whether the 1993 judgment precludes the balance of plaintiff's allegations. We conclude that it does not.

■ As noted, the petition was dismissed under ORS 34.370(2)(b)(A) and, under the plain language of ORS 34.370, that dismissal was "without prejudice." *See* n 2. A dismissal without prejudice cannot give rise to claim preclusion. *See Fletcher v. So. Oregon Truck Co.*, 132 Or 338, 342, 285 P 813 (1930). Moreover, because the 1993 dismissal occurred before a writ issued, the trial court's invocation of ORS 34.360(5), which refers to claims "adjudged upon a prior writ of habeas corpus," was inapposite. Consequently, the 1993 judgment of dismissal had no preclusive effect.

Reversed and remanded.

---

[6] *Billings* was decided after the entry of judgment in this case.