Submitted November 6, reversed and remanded December 16, 2015

ROBERT EARL FORT,
*Plaintiff-Appellant,*

*v.*

Rob PERSSON,
Superintendent,
Oregon State Correctional Institution,
*Defendant-Respondent.*

Marion County Circuit Court
14C23443; A158533

364 P3d 357

Ryan T. O'Connor and O'Connor Weber LLP filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Paul L. Smith, Deputy Solicitor General, and Jonathan N. Schildt, Assistant Attorney General, filed the brief for respondent.

Before Duncan, Presiding Judge, and DeVore, Judge, and Flynn, Judge.

PER CURIAM

## PER CURIAM

The trial court, on its own motion, dismissed plaintiff's habeas corpus petition on the ground that similar claims had been adjudicated in plaintiff's five previous habeas cases. Plaintiff appeals the judgment of dismissal, arguing that the trial court erred in giving preclusive effect to the judgments in the earlier cases. Defendant concedes the error, and we reverse and remand.

An extended discussion of the background of this case would not benefit the bench, the bar, or the public. In summary, after plaintiff filed the present petition for a writ of habeas corpus, the trial court, on its own initiative, took judicial notice of the contents of the court files in five previous habeas cases that plaintiff had filed in Marion County Circuit Court. The trial court concluded that the present petition raised claims that were "similar—if not identical" to the claims in the earlier cases, each of which had ended with a judgment of dismissal that plaintiff had not appealed. The court, again on its own motion, then dismissed the present petition on the basis of claim preclusion, as codified in ORS 34.710 ("No question once finally determined upon a proceeding by habeas corpus shall be reexamined upon another proceeding of the same kind.").

On appeal, plaintiff argues that the trial court erred in giving the earlier judgments preclusive effect because all of them were dismissals *without prejudice. See Clark v. Gates*, 138 Or App 160, 165, 906 P2d 863 (1995) ("A dismissal without prejudice cannot give rise to claim preclusion."). The state concedes as much and agrees that the present judgment must be reversed and remanded for that reason.[1] We agree with the state's concession and reverse and remand the judgment of dismissal.

Reversed and remanded.

---

[1] The state also concedes—correctly—that ordinary preservation requirements do not apply in this case, because the judgment of dismissal was entered by the court on its own motion without a hearing or any advance notice to plaintiff.