Submitted April 5, reversed and remanded May 11, 2016

ROBERT LEE ERSKINE,
*Plaintiff-Appellant,*

*v.*

Jeff PREMO,
Superintendent, Oregon State Penitentiary;
State of Oregon; Psychiatric Security Review Board;
Oregon State Hospital; and Department of Corrections,
*Defendants-Respondents.*

Marion County Circuit Court
14C22704; A159351

374 P3d 968

Jed Peterson and O'Connor Weber LLP filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Paul L. Smith, Deputy Solicitor General, and Dustin Buehler, Assistant Attorney General, filed the brief for respondents.

Before Sercombe, Presiding Judge, and Tookey, Judge, and DeHoog, Judge.

## PER CURIAM

Plaintiff appeals the trial court's judgment dismissing his petition for a writ of habeas corpus. The trial court dismissed the case on its own motion, explaining that plaintiff's allegations were "similar—if not identical—to those he raised" in a prior habeas corpus petition. Thus, the court concluded, plaintiff's petition was subject to dismissal because, "[o]nce an issue has been finally determined in a habeas corpus proceeding, it cannot be reexamined in another habeas corpus proceeding." *See* ORS 34.710 ("No question once finally determined upon a proceeding by habeas corpus shall be reexamined upon another proceeding of the same kind."). On appeal, plaintiff asserts that the trial court erred in dismissing his petition. Defendants agree. According to defendants, the earlier habeas corpus petition to which the court referred in its judgment had been dismissed without prejudice. Thus, the prior judgment of dismissal could not operate to preclude plaintiff from raising the claims at issue in this case. *See Clark v. Gates*, 138 Or App 160, 165, 906 P2d 863 (1995) ("A dismissal without prejudice cannot give rise to claim preclusion."). Accordingly, defendants concede that we should reverse and remand the trial court's judgment. We agree, and accept defendants' concession.[1]

Reversed and remanded.

---

[1] That conclusion obviates the need to address plaintiff's second assignment of error, in which he contends that the trial court erred in dismissing his petition with prejudice.