Submitted April 1, 2016, reversed and remanded June 14, 2017

ROLAND LEE SMITH,
*Plaintiff-Appellant,*
*v.*

Jeff PREMO,
Superintendent,
Oregon State Penitentiary,
*Defendant-Respondent.*

Marion County Circuit Court
15CV07716; A159336

395 P3d 959

Jed Peterson and O'Connor Weber LLP filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Paul L. Smith, Deputy Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Duncan, Presiding Judge, and DeVore, Judge, and Garrett, Judge.

## PER CURIAM

Plaintiff appeals the trial court's judgment dismissing his 2015 petition for a writ of habeas corpus. Plaintiff previously petitioned for a writ of habeas corpus in 2013, and the trial court dismissed that petition without prejudice for failure to state a claim. The trial court dismissed plaintiff's 2015 petition on its own motion, concluding that plaintiff's claims were "duplicative of * * * claim[s] previously considered and dismissed by this court" in the 2013 petition. *See* ORS 34.710 ("No question once finally determined upon a proceeding by habeas corpus shall be reexamined upon another proceeding of the same kind."). Plaintiff argues that the trial court erred in concluding that he was precluded from asserting the same claims in the 2015 petition.

Defendant agrees with plaintiff. According to both parties, the trial court erred because plaintiff's 2013 petition was dismissed without prejudice, which does not preclude plaintiff from raising the same claims in the 2015 petition. *See Clark v. Gates*, 138 Or App 160, 165, 906 P2d 863 (1995) ("A dismissal without prejudice cannot give rise to claim preclusion."); *see also Fort v. Persson*, 275 Or App 573, 574, 364 P3d 357 (2015) (accepting defendant's concession that the trial court erred by dismissing plaintiff's habeas petition on claim preclusion grounds because earlier dismissals were without prejudice). Defendant concedes that we should reverse and remand the trial court's judgment. We accept defendant's concession. Accordingly, we reverse and remand the judgment of dismissal.

Reversed and remanded.