**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 13 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| COREY JERRY PRITCHETT, | No. 17-35316 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-01724-TC |
| v. | |
| FAIRLEY, Officer, Individual and Official Capacity; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted July 10, 2018[**]

Before:     CANBY, W. FLETCHER, and CALLAHAN, Circuit Judges.

Corey Jerry Pritchett appeals pro se from the district court's summary judgment in his action brought under 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015). We

---

       *       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

       **       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

affirm in part, vacate in part, and remand.

The district court properly granted summary judgment on Pritchett's retaliation claim against Two Rivers Correctional Institution ("TRCI") and defendants in their official capacities as barred by the Eleventh Amendment. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (Eleventh Amendment immunity applies to state agencies, including the department of prisons); *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978) (official capacity suits are "another way of pleading an action against an entity of which an officer is an agent").

However, the district court erred by finding that the Eleventh Amendment barred Pritchett's ADA claim against TRCI. *See United States v. Georgia*, 546 U.S. 151, 159 (2006) ("[I]nsofar as Title II [of the ADA] creates a private cause of action for damages against the States for conduct that *actually* violates the Fourteenth Amendment, Title II validly abrogates state sovereign immunity."); *Castle v. Eurofresh, Inc.*, 731 F.3d 901, 909 (9th Cir. 2013) (noting that Title II applies to the operation of state prisons). Although Pritchett failed to allege facts specific to his ADA claim against TRCI, the district court should provide Pritchett with an opportunity to amend this claim. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and

17-35316

an opportunity to amend prior to dismissal of the action.").

The district court erred by granting summary judgment on Pritchett's retaliation claim against defendants Fairley and Lindquist (claim 1) because Pritchett raised a genuine dispute of material fact as to whether administrative remedies were unavailable under the Department of Corrections' policy stating that inmates may not grieve misconduct reports or investigations leading to or arising from misconduct reports. *See Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016) (under the Prison Litigation Reform Act, an inmate "must exhaust available [administrative] remedies, but need not exhaust unavailable ones"). Defendants' evidence did not establish that Pritchett's complaint to the prison concerning a misconduct report and cell-in punishment fell outside the scope of the prison's policy prohibiting grievances of misconduct reports.

The district court erred by granting summary judgment on Pritchett's retaliation claim against defendants Gruenwald and Smith (claim 2) and his ADA claim against all individual defendants (claim 3) because the record is not clear that Pritchett's prior state court habeas case was dismissed with prejudice. *See Clark v. Gates*, 906 P.2d 863, 866 (Or. Ct. App. 1995) ("A dismissal without prejudice cannot give rise to claim preclusion."); *see also Furnace v. Giurbino*, 838 F.3d 1019, 1023 (9th Cir. 2016) (federal courts apply state law in determining whether an earlier state habeas petition bars plaintiff's § 1983 claims). Nor is it clear that

17-35316

Pritchett's damages claims could have been joined in the prior habeas case. *See Bloomfield v. Weakland*, 123 P.3d 275, 279 (Or. 2005) (en banc) (requirements for claim preclusion under Oregon law).

The district court did not abuse its discretion by denying Pritchett's motion for relief from the stay of discovery because Pritchett failed to demonstrate actual and substantial prejudice resulting from the denial. *See Childress v. Darby Lumber, Inc.*, 357 F.3d 1000, 1009 (9th Cir. 2004) (standard of review); *Sablan v. Dep't of Fin.*, 856 F.2d 1317, 1321 (9th Cir. 1988) (district court's "decision to deny discovery will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by striking portions of Pritchett's declaration in opposition to summary judgment that did not comprise admissible evidence. *See Maffei v. Northern Ins. Co. of N.Y.*, 12 F.3d 892, 897 (9th Cir. 1993) (standard of review); *see also* Fed. R. Civ. P. 56(c)(4) (requirements for a declaration opposing a motion for summary judgment).

In sum, we affirm the judgment as to Pritchett's retaliation claim against TRCI and defendants in their official capacities. We vacate the judgment as to the ADA claim against TRCI and defendants in their official capacities; the retaliation claim against Fairley and Lindquist (claim 1); the retaliation claim against

4                                                                                    17-35316

Gruenwald and Smith (claim 2); and the ADA claim against Fairley, Lindquist, Gruenwald, and Smith (claim 3).

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**